# Moores' Appeals.

The Act of 11th April 1848 renders the estate of a deceased partner unconditionally liable for the partnership debts; and the creditor may demand payment on the distribution of his estate in the Orphans' Court, notwithstanding the recovery of a judgment at law against the surviving partner.

The judgment recovered against the surviving partner, *it seems*, is not evidence against the representatives of the deceased partner, for they were no parties to it.

Appeals from the Orphans' Court of *Cambria county*.

These were two appeals, the one by T. Blair Moore, acting administrator of Charles H. Heyer, deceased, and the other by Johnston Moore, guardian of the minor children of the said Charles H. Heyer, deceased, from the decree of the Orphans' Court, distributing the assets in the hands of the said administrator.

In 1848, John Fenlon and Charles H. Heyer, attorneys at law, entered into partnership under the firm name of Fenlon & Heyer; which continued until dissolved by the death of Mr. Heyer, on the 25th December 1855.

On the 12th March 1858, Joseph Robb, executor of John Ferguson, deceased, recovered a judgment, in the Court of Common Pleas of Cambria county, against John Fenlon, the surviving partner, for $206.57. And on the 7th March 1859, Sarah Dugan, admi-

[Moores' Appeals.]

nistratrix of Hugh Dugan, deceased, recovered a judgment against the surviving partner, in the same court, for $553.46.

Before the auditor appointed to report distribution of the assets in the hands of the acting administrator of Charles H. Heyer, deceased, these creditors appeared, and claimed payment out of his estate. These claims were allowed (the auditor taking the amount recovered by Dugan's administratrix, as the basis of her claim); and, the Orphans' Court having overruled exceptions filed to the report, and decreed distribution accordingly, these appeals were taken by the administrator, and guardian.

*Reed*, for the appellants.—The appellees having brought their actions in the Common Pleas, and recovered judgments against the surviving partner, are estopped from again litigating the same matters in the Orphans' Court: Kelsey *v.* Murphy, 2 *Casey* 80; Finley *v.* Hanbest, 6 *Id.* 194; Lloyd *v.* Barr, 1 *Jones* 48, 49, 51, 52; 1 *Kent's Com.* 6th ed., pp. 398, 399; Wallace *v.* McConnell, 13 *Peters's R.* 136; 1 *Greenleaf on Ev.*, §§ 528, 529, 530, 534; Wilson *v.* Hamilton. 9 *S. & R.* 429; Sergeant's Executors *v.* Ewing, 6 *Casey* 75.

*R. L. Johnston*, for the appellees.—The Act 11th April 1848, § 4, gives the creditor the right to proceed against the estate of a deceased partner, whether the survivor be solvent or insolvent: Brewster's Administratrix *v.* Sterrett, 8 *Casey* 119.

The opinion of the court was delivered by

Lowrie, C. J.—The Act of 11th April 1848, § 4, by making the representatives of a deceased partner liable to suit for partnership debts, independently of the insolvency of the surviving partner, makes the estate of the former unconditionally liable for such debts. It was only because the remedies were defective, that it was before exempt. It follows, of course, that the creditors may demand payment on the distribution of the estate in the Orphans' Court; and they are not barred of this right, because of having obtained a judgment in the Common Pleas against the surviving partner, if they have not received satisfaction. If one partner, or his estate, thus pay more than his proportion, he must seek redress from the other in the ordinary form. True, this allows of cumulative remedies, but this is not uncommon; and the court has full power to arrest the execution of one of them, when satisfaction has been obtained by the other.

But there is apparent error in admitting the judgment of Dugan *v.* Fenlon, the surviving partner, as proof of the claim against Heyer's estate, for his representatives were *not* parties to that case. Yet, judging from the exceptions to the auditor's report, the assignments of error, and the printed argument, it seems to

us that this point was not relied on in the court below, and is not properly raised here. It does not appear to affect the real merits of the case, and we should only increase costs and litigation by reversing on this account.

Appeals dismissed, at the costs of the appellants.