# Blair, administrator, *versus* Wood.

1. By force of the Act of April 11th, 1848, section 4 (P. L. 536) the estate of a deceased partner becomes liable for the whole debt of the firm of which he was a member, whether the surviving partner be solvent or insolvent. For the purpose of action against the representative the debt is treated as if it were the individual debt of the decedent.

2. So, likewise, in a suit by an administrator for a debt due his decedent, the defendant may set off a debt due him by the firm of which the decedent was a member; and if the set-off exceeds the demand, the jury will certify the balance in his favor.

January 9th, 1885.   Before MERCUR, C. J., GORDON, PAX-
SON, TRUNKEY, STERRETT and GREEN, JJ.   CLARK, J.,
absent.

ERROR to the Court of Common Pleas, No. 1, of *Philadelphia
County*:   Of January Term, 1884, No. 253.

This was an action of assumpsit, by D. Blair, administrator
d. b. n. of Joseph M. Lupfer, deceased, against John S. Wood.
The narr. was in the common counts and claimed to recover the
sum of $10,000, due plaintiff's intestate.   Plea, payment, etc.
and a special plea of set-off that plaintiff's intestate was in-
debted to defendant in a larger sum than that claimed in this
suit, and defendant claimed a certificate in his favor for the
balance due him.   The claim of set-off was set forth substan-
tially as follows :—The firm of J. M. Lupfer & Co., tanners,
was composed of Joseph M. Lupfer, plaintiff's intestate, and
James W. Lupfer; the defendant as commission merchant,
received from said firm certain leather on sale, and made to said
firm certain advances : the firm was dissolved, by the death of
Joseph M. Lupfer, on February 19th, 1875, on which date the
balance due defendant by said firm, after deducting all credits
for leather sold and on hand, amounted to $73,000.   The said
James W. Lupfer was at the time of the said dissolution of
the firm insolvent, and since 1878 has not resided or been in
this state.   Replication denying the payment etc.; rejoinder,
*de injuria*.

When the case was called for trial, before BIDDLE, J., the
plaintiff's counsel stated that he could not proceed in the .
cause, because the claim of the plaintiff had been compromised
and settled by defendant since suit brought, and submitted,
therefore, that the cause could not be proceeded with.

The court thereupon permitted counsel for defendant to
open to the jury, claiming a set-off under the plea as above.
Defendant put in evidence the following paper :—

BLAIR vs. WOOD.   C. P. No. 1, March 1880, No. 443.

It is hereby agreed between the parties hereto that the said
Blair, administrator, plaintiff, releases all claim which he has
in this suit against John S. Wood, and in the subject matter of
the suit, and agrees that he will not cause or allow the said
suit. to be discontinued, nor will he suffer a nonsuit so as to
prevent the said Wood from recovering upon the alleged set-off.
This agreement is made in consideration of Wood's agreeing
to pay the sum of $250 to Blair upon the performance of these
conditions and others contained in an agreement of even date
herewith.   This agreement not to affect in any way the No.
50 judgment, Janu'y T., 1878, Huntingdon County, Sam'l
Lupfer, admin., etc., v. Israel Lupfer, *et al.*, etc., no costs to be

recovered against D. Blair, admin., in case judgment should
be rendered against said Blair in above suit.

D. BLAIR,
Admin. d. b. n. of J. M. Lupfer.   Feb'y 16th, 1881.
JOHN S. WOOD,
Per J. H. Ebert.   Feb'y 16th, 1881.

A. SYDNEY BIDDLE, Witness of both parties.

Defendant called J. H. Ebert, defendant's bookkeeper, and
offered to prove by him the amount due defendant by the firm
of J. M. Lupfer & Co.   Objected to; objection overruled;
exception.

The witness, after referring to the books of the defendant
kept by him or under his direction, was asked—Q. Are you
able to state, refreshing your memory from these entries, the
balance now due to the defendant?   Objected to; objection
overruled; exception.   Answer. The balance due January 1st,
1875, was $88,024.75 and the balance due January 1st, 1878,
was $64,824.   The last sum is the amount now due.   Defen-
dant closed.

The court charged the jury that it was admitted that plain-
tiff's debt was compromised, and that there was no defence to
the defendant's claim and that if the jury believed the defen-
dant's evidence, he was entitled to a verdict and certificate for
the amount proved to be due him.

Verdict for the defendant and the jury certify that the plain-
tiff is indebted to the defendant in the sum of $60,000 and
judgment thereon.   The plaintiff took this writ of error, and
filed inter alia, the following assignments of error.   .

1. The court erred in admitting as a set-off a claim of defen-
dant against the firm of James M. Lupfer & Co., of which
firm plaintiff's intestate was a member.

2. The court erred in overruling plaintiff's objection to the
following offer made by defendant, to prove "the amount due
defendant by the firm of J. M. Lupfer & Co., of which firm
the plaintiff's intestate was a member."

5. It appearing from the record that the plaintiff's debt had
been paid by defendant, since the suit was brought, the court
erred in permitting the defendant to prove an alleged set-off
and in not entering a compulsory nonsuit under the Act of
1836, the plaintiff not proceeding in the cause.

*Charles C. Lister*, for the plaintiff in error.—The agreement
signed by the administrator and the defendant did not in any
manner alter the legal status of the parties.   It simply pre-
vented the plaintiff from suffering a nonsuit, but did not pre-
vent the entry of a compulsory nonsuit under the Act of
1836, as in the case of an absent plaintiff, nor change the de-

fendant's position in the least. Under the pleadings, his claim arose as a set-off, and the settlement of plaintiff's claim voluntarily extinguished his right to recover under the plea of set-off so far as this action is concerned. If the defendant had any right to proceed in the cause after the extinguishment of plaintiff's claim, then manifestly it was, under the pleadings, for a certificate for amount in excess of plaintiff's claim by way of *set-off*. It has long been the settled law of this state that in an action by A against B, the defendant cannot set off an account for goods sold to A and another as partners: McDowell *v.* Tyson, 14 S. & R., 300; Archer *v.* Dunn, 2 W. & S., 361; Jackson *v.* Clymer, 43 Pa. St., 79; Sherwood *v.* Yeomans, 98 Id., 453.

The doctrine has been carried to a greater extent, because, even though the matter arose out of the same transaction, in an action by a partner for his individual debt, an unsettled claim against the firm cannot be set off; Milliken *v.* Gardner, 37 Pa. St., 456. In Walker *v.* Eyth, 25 Id., 216, Eyth sued to recover his individual debt, and an offer to set off against it a debt due by Walker & Eyth as partners, was not allowed. In that case as here, Walker was a non-resident, had subsequently died, and his estate was insolvent, all of which was urged in support of the claim, but it was held that the claim of Eyth was his separate estate, and he had a right to appropriate to his separate creditors. To allow set-off in this case would permit defendant to defeat plaintiff's claim by a claim against the partnership and thereby compel the other partners to pay the debt of the member of the firm out of the partnership funds to the prejudice of the others. The administrator would also be concluded by the judgment on this verdict, and defendant permitted to participate in the distribution of the estate of plaintiff's intestate as a separate creditor. Upon principle and authority the objection should have been sustained.

*A. Sydney Biddle*, for the defendant in error.—A firm debt being a joint and several liability, Wood could have recovered judgment against Joseph M. Lupfer in his lifetime for a debt due him by the firm of J. M. Lupfer & Co.: United States *v.* Lewis, 2 W. N. C., p. 35; Lewis *v.* United States, 2 Otto, 618. It follows that in an action by Joseph M. Lupfer, in his lifetime, against Wood, the latter under the defalcation Act could have set off his claim against Lupfer's firm. Although the decisions in Pennsylvania are not in harmony on this question, the latest case is directly to the point as just stated: Domestic Sewing Machine Co. *v.* Saylor, 5 Norris, 287. This case undoubtedly overrules three of the five cases cited by plaintiff

in error, namely: McDowell *v.* Tyson, Archer *v.* Dunn and Milliken *v.* Gardner. The last of them was cited to the court in the Sewing Machine Case, and the other two seem to have been overlooked. Justice PAXSON, after reviewing many of the cases, concludes : " That such indebtedness may be set off is too plain for argument." The only subject for regret is that this court did not explicitly overrule Milliken *v.* Gardner, and other similar cases, which remain (as is shown by the brief of the plaintiff in error) as pit-falls to entrap the unwary.

Wood also could have recovered in equity, on his firm debt, against the administrator of Joseph M. Lupfer : Story on Partnership, §§ 361, 362 and authorities there cited. In Pennsylvania the same result would be reached in the equitable action of assumpsit. It follows that in this action of assumpsit, by Jos. M. Lupfer's administrator against Wood, the latter may set off his claim against the firm of which Jos. M. Lupfer was a member.

But whatever may have been the common law or equity doctrine, the question has been definitely settled by the Act of April 11th, 1848, (P. L., 536) section 4 of which provides " In any suit or suits which may hereafter be brought against the executors or administrators of a deceased co-partner for the debt of the firm, it shall not be necessary to aver on the record or prove on the trial that the surviving partner or partners is or are insolvent, to enable the plaintiff to recover." And it has been decided that the effect of the Act is to render a deceased partner's estate liable in the first instance, whether the survivor be solvent or insolvent—and with good reason ; for though the surviving partner be solvent he may not be within reach of the creditor : Brewster's adm'r *v.* Sterrett, 8 Cas., 118 ; Moore's Appeal, 34 Pa. St., 411 ; Ferguson *v.* Wright, 61 Id., 258 ; Lewis *v.* Cuthbertson, 11 S. & R., 49. A plea in abatement by Blair to Wood's set-off, averring non-joinder of the surviving partner would not have availed him (or Lupfer, if the action or set-off had been against him in his life time) under the provisions of section 5, of the above Act of April 11th, 1848. It will be observed that this verdict does not in any way establish the right of Wood to obtain the assets belonging to the estate of Joseph M. Lupfer. No execution can issue on the judgment to be entered upon this verdict against the administrator. Wood's only remedy is in the Orphans' Court of Huntingdon County where Lupfer was domiciled, and the only object of obtaining this judgment is to enable him to prove his claim satisfactorily before the Auditor in that county. The judgment does not affect the claims of other creditors of Lupfer if any, firm or separate.

[Appeal of Edwards.]

Chief Justice MERCUR delivered the opinion of the court, January 26th, 1885.

Section 4 of the Act of April 11th, 1848, provides for the bringing of a suit against the executor or administrator of a deceased co-partner, for a debt of the firm, and for a recovery, without averring in the record or proving on the trial, the insolvency of the surviving partner. For the purpose of action against the representative, the debt is treated as if it was the individual debt of the decedent: Brewster's Adm'r *v.* Sterrett, 8 Casey, 115. The estate of the decedent becomes liable for the whole debt of the firm of which he was a member: Moore's Appeals, 10 Id., 411. In the class of cases to which this Act applies, its purpose is to make the indebtedness several, which was joint before: Miller *v.* Reed, 3 Id., 244. Being several, a debt against the estate of the decedent may be treated as such either to maintain an action therefor, or for the purpose of set-off. It follows there is no error in this record.

Judgment affirmed.