## APPEAL OF GEO. W. WILLIAMS ET AL.

### [ESTATE OF THOS. F. GALLAGHER.]

#### FROM THE DECREE OF THE ORPHANS' COURT OF WESTMORE LAND COUNTY.

Argued October 4, 1888—Decided October 22, 1888.

1. General specifications that the court below erred "in overruling the exceptions filed to the account;" "in not sustaining exceptions filed to the account;" "in confirming the auditors' report;" are not in accordance with the rules as to the specifications of error and will not be considered.

2. Since the enactment of § 4, act of April 11, 1848, P. L. 536, the estate of a deceased partner is liable for the debts of the firm, whether the other partner is solvent or insolvent: Brewster v. Sterrett, 32 Pa. 115; Moore's App., 34 Pa. 411.

3. Where the executors of a deceased partner, under the authority of the will, joined with the surviving partner in the conveyance of land which is referred to in the will as partnership property, they will not be surcharged with the one half of the proceeds, in the absence of evidence that the land was not firm assets but held by the partners as tenants in common.

Statement of Facts.

Before GORDON, C. J., PAXSON, STERRETT, GREEN and WILLIAMS, JJ.; CLARK and HAND, JJ., absent.

No. 183 October Term 1888, Sup. Ct.; court below, No. 38 February Term 1886, O. C.

The account of J. R. McAfee, Eliz. K. Gallagher and J. L. Cook, executors of the will of Thos. F. Gallagher, deceased, was filed to No. 38 February Term 1886. Upon the debit side there was charged (inter alia) : " To amount of real estate sold under the will, as per schedule A., $5,612.50." Among the credits claimed was one for " amount received by George Gallagher, surviving partner of T. & G. Gallagher, from the sale of real estate under the will and by him applied to the partnership debts, $5,612.50." To this account seven exceptions were filed " for creditors," one of which was

4. The accountants should not be allowed credit for the item of $5,612.50, proceeds of real estate turned over by executors to George Gallagher for reasons appearing upon the records," etc.

The account and the exceptions thereto were referred to *Mr. L. W. Doty* and *Mr. H. B. Kuhns*, as auditors. At the hearing before the auditors it appeared that Thos. F. Gallagher had died November 4, 1883, leaving a will duly admitted to probate, which provided that " my executors, hereinafter named, in connection with my brother George, may, as soon as practicable, either by private or public sale, as shall be deemed by them most advantageous, sell all the real estate of which the firm of T. & G. Gallagher is possessed, and make, execute and convey by good and sufficient deeds for the same, all such property as they make sale of, without being under the necessity of getting an order from court.

Schedule A., referred to in the account, was a list of properties and of the purchasers to whom they were sold, the purchase money aggregating $11,225.

Thos. F. and George Gallagher had been partners for many years, in New Alexandria. After the death of Thos. F., the partnership business was carried on by George Gallagher for about eighteen months, when he made an assignment for the benefit of creditors. The partnership estate was also insolvent. The individual debts of Thos. F. were of small amount in the

aggregate, and were paid in full. The exceptants were creditors of the partnership, left unpaid by George Gallagher, the surviving partner, and they sought a pro rata distribution out of the balance left after the individual creditors of Thos. F. Gallagher were paid.

The exceptants objected that the item of $5,612.50, for which the credit excepted to was claimed, was the share of the decedent in certain real estate, the title to which was alleged to be in Thos. F. Gallagher and George Gallagher, as tenants in common, and not as partners, and that, therefore, that fund belonged to the estate of Thos. F. Gallagher, and the credit claimed was improper.

From the evidence printed it appeared, that the real estate in schedule A. had been sold by George Gallagher, the executor of Thos. F. Gallagher joining with him in the deeds to the purchasers, and that the purchase money had been paid out by George Gallagher to the partnership creditors, with the assent of the accountants; but it did not appear how the real estate from which the fund derived was held. Although the appellants filed with their paper books copies of deeds from former owners of some of the properties embraced in schedule A., which deeds had been executed to " Thomas F. Gallagher and George Gallagher" as grantees therein, yet it did not appear that said deeds had been offered in evidence.

The auditors reported upon the exceptions filed, seriatim, and upon that herein before quoted, as follows:

4. Schedule A. exhibits the several real estates owned by the firm of T. & G. Gallagher and they amounted to $11,225. T. F. Gallagher was the owner of the undivided one half amounting to $5,612.50, and this amount the executors charge themselves with as turned over to George Gallagher. The will of General Gallagher provides for the sale of this real estate through George Gallagher who, as the surviving partner, has applied the proceeds as appears from the testimony, to the debts. The act of 1848 cleared away all obstructions to the creditor's access to the estate of the deceased partner, and makes it unconditionally liable for the payment of the debts.

The exception is therefore overruled.

To said report the objecting creditors filed certain exceptions, one of which was:

5. The finding of the auditors as contained in the 4th paragraph of the report upon the exceptions is not sustained by the evidence. All the evidence offered, was to show that this property, as to the one half thereof, belonged to T. F. Gallagher individually. The executors joined in the deeds with George Gallagher, and it does not appear that it or any of it was sold through George Gallagher, except so far as he was agent of the accountants. Nor was it in any way shown that this was firm property.

Said exceptions were overruled by the auditors, and being renewed in court upon the filing of the report, the court, HUNTER, P. J., on August 24, 1888, dismissed the exceptions and confirmed the auditors' report. Thereupon, the exceptants took this appeal and specified that the court erred:

1. In overruling the exceptions filed to the account of the executors.

2. In not sustaining the exceptions filed to the account of the executors.

3. In overruling the exceptions filed by [attorneys named] counsel for creditors, before the auditors and renewed in court.

4. In not sustaining the exceptions filed by [attorneys named] before the auditors and renewed in court.

5. In confirming the auditors' report.

6. In not striking from the credit side of the account the item of $5,612.50, being credit claimed by the accountants in the following words and figures: "Accountants claim credit for $5,612.50, amount received by George Gallagher, surviving partner of T. & G. Gallagher, from the sale of real estate sold under the will and by him applied to the payment of partnership debts, $5,612.50."

*Mr. W. H. Klingensmith* (with him were *Mr. J. A. Marchand* and *Mr. Paul H. Gaither*), for the appellants:

The recorded title, showing that the lands mentioned in schedule A. belonged to the members of the firm as tenants in common, such title must prevail, and it is sufficient to compel the accountants to turn the proceeds of the interest of Thos. F. Gallagher into the general fund of the estate, upon which all the creditors had a lien on his death: Hale v. Henrie, 2 W. 143; Ridgway's App., 15 Pa. 181; Lancaster Bank v. Myley,

13 Pa. 549; Ebbert's App., 70 Pa. 79; McDermot v. Laurence, 7 S. & R. 438; Kramer v. Arthurs, 7 Pa. 170; Cummings's App., 25 Pa. 268; Erwin's App., 39 Pa. 535; Jones's App., 70 Pa. 169.

*Mr. J. M. Peoples* and *Mr. D. S. Atkinson* (with whom were *Mr. Jno. Armstrong* and *Mr. J. R. McAfee*), for the appellees:

1. At the death of Thos. F. all the partnership property passed by operation of law into the custody of George Gallagher, the surviving partner, who had the sole and exclusive right to settle up the partnership business: Grim's App., 105 Pa. 375; Wallace v. Fitzsimmons, 1 Dall. 248; McCarty v. Nixon, 2 Dall. 65; Horton's App., 13 Pa. 67; Shipe's App., 114 Pa. 205. Representatives of a deceased partner are liable to the surviving partner for any partnership assets which have been collected by them: Alexander v. Coulter, 2 S. & R. 493.

2. Land bought for partnership purposes and paid for out of partnership funds, is partnership property, though conveyed in the deed to the partners as tenants in common: Erwin's App., 39 Pa. 535; Abbott's App., 50 Pa. 234; Shafer's App., 106 Pa. 49; Meason v. Kaine, 63 Pa. 335; Black's App., 89 Pa. 201. As the surviving partner is charged with the payment of the debts of the firm, he has the right in equity to dispose of its real estate for that purpose, and, although his deed may not convey the legal estate to the purchaser, yet it will convey the equity to him, and through it he may compel the heir to convey the legal title: Andrews v. Brown, 21 Ala. 437 (56 Amer. D. 252); Gray v. Palmer, 9 Cal. 616; Cobble v. Thompson, 50 Ind. 550.

OPINION, MR. JUSTICE PAXSON:

The first five assignments of error are not in accordance with the rules of court, and will not be considered.

The sixth assignment raises the only important question in the case. It is as follows: "The court erred in not striking from the credit side of the account the item of $5,612.50, being credit claimed by the accountants in the following words and figures: 'Accountants claim credit for $5,612.50, amount received by George Gallagher, surviving partner of T. & G.

Gallagher, from the sale of real estate sold under the will, and by him applied to the payment of partnership debts, $5,612.50.' "

After the death of Thomas F. Gallagher, the real estate which was supposed to belong to the firm of T. & G. Gallagher, was sold by George Gallagher, as surviving partner, and the proceeds applied to the payment of partnership debts. The executor of Thomas joined in the deeds, but did not receive any of the money. The individual debts of Thomas F. Gallagher have all been paid in full. The creditors unpaid (including appellants) are creditors of the firm, and they allege that said real estate was not partnership property, but was held by the firm as tenants in common, and that the one half of the proceeds (the share of Thomas) should have been distributed pro rata among the creditors. The distribution appears to have been made by the surviving partner under the belief that the firm was solvent, whereas it now appears that both the firm and the individual members thereof were insolvent. It thus happened that some creditors have been paid in full while others have been paid in part only. There is nothing to raise an inference that any fraud was intended.

That the fund in question, whatever may be its character, was properly applicable to the payment of the creditors of the firm, is entirely clear. This would be so since the act of 1848, even if the surviving partner were solvent: Brewster's Administratrix v. Sterrett, 32 Pa. 115; Moores' Appeal, 34 Pa. 411. But if the fund in question is the proceeds of the individual real estate of Thomas F. Gallagher, then the creditors had a statutory lien, and in the absence of record liens, it should have been applied to their payment pro rata.

It will thus be seen that the question whether the real estate was partnership or individual property was the one vital fact in the case. Yet we find nothing in this record by which such fact can be determined with judicial certainty. It is not found by either the auditor or the court below. The former does not refer to it, and the latter does not find the fact. Nor is there a particle of evidence upon the subject so far as the same has come up to us. The only matter that throws any light upon it is the will of Thomas F. Gallagher, which refers to the real estate as firm property, and directs his executors, in connection with the surviving partner, to sell the

same. We have then both the partners treating and dealing with the real estate as firm property, and in the absence of any evidence or finding to the contrary, we must assume the fact to be so, and that the distribution was properly made. We cannot convict the court below of error upon mere conjecture. Those who allege error must show it.

The decree is affirmed, and the appeal dismissed at the costs of the appellants.