# Estate of James Hughes, Deceased.   Appeal of Caroline A. Hughes and George H. Hughes, Executors.

*Orphans' court—Decedent's estate—Promissory note—Surety.*

Where a person contemporaneously with the original obligation becomes surety for the debt or for the performance of a duty of a third person, he renders himself liable thereupon. The consideration is the favor the surety receives from a compliance with his expressed or implied request that credit should be given to the principal. So where one joins, after the manner of a surety, in the execution of a note with another who has purchased goods of a third party in payment therefor, his estate will be held responsible for so much as is unpaid by the principal maker.

*Orphans' court—Jurisdiction—Joint obligation.*

Where a surety contemporaneously with the principal obligor joins in a note, in form joint, his obligation is absolute and unconditional, and in case of his death the orphans' court has jurisdiction to award payment of the note notwithstanding that his co-obligor is still living.

Argued Jan. 9, 1900.   Appeal, No. 8, Jan. T., 1900, by Caroline A. Hughes and George H. Hughes, executors of the estate of James Hughes, deceased, from decree of O. C. Luzerne Co., No. 288, of 1896, dismissing exceptions to the report of the auditor.   Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER, W. D. PORTER and MITCHELL, JJ.   Affirmed.   Opinion by W. W. PORTER, J.

Exceptions to auditor's report.   Before DARTE, P. J.

At the audit of the account of the appellants, W. H. Searfoss presented a claim against the estate of James Hughes, deceased, based upon two notes dated October 22, 1892, the one for $300 payable nine months after date, and the other for $200 payable twelve months after date.

The notes were given under the following circumstances: The decedent's brother Charles entered into a contract with the claimant for the purchase of certain timber tract for which he gave in part payment, among others, the promissory notes in question.   The contract it appears was made in the interest and behalf of Charles Hughes's son, Gordon S. Hughes, who subsequently persuaded James Hughes, the decedent, to sign notes, as surety, with Charles.   The notes were in the following form:

240, (1900).]        Statement of Facts—Arguments.

" 200.00                    WILKES-BARRE, PA., Oct. 22, 1892.

" One year after date we promise to pay to William Searfoss or order, two hundred dollars at residence of Wm. Searfoss, Franklin Twp., Pa., without defalcation, value received.

" No. Four.                    JAMES HUGHES.

· " Due———                    CHARLES HUGHES."

There was some dispute as to the payment of these notes, the appellants producing testimony to show that they had both been paid, which was denied by the claimant.

The auditor held that the notes created a joint and several liability under the authority of Miller v. Reed, 27 Pa. 244, Bowman v. Kistler, 33 Pa. 106, and Blair v. Wood, 108 Pa. 278, and held that the estate was liable for the balance due on the notes, with interest, of $257.34.

Exceptions to the finding of the auditor were dismissed by the court. Caroline A. Hughes and George H. Hughes appealed.

*Errors assigned* were (1) in assuming jurisdiction to hear and determine a controversy as to the business transactions and accounts between William Searfoss and Gordon S. Hughes, parties in full life; and with a part of which transactions and accounts, neither the decedent nor his estate, had any connection, at any time, or in any manner. (2) In ruling that the notes presented by claimant, William Searfoss, are a valid obligation against the estate of James Hughes, deceased. (3) In ruling that the joint notes of James Hughes and Charles Hughes created a joint and several liability. (4) In entering a decree against the estate of James Hughes, deceased.

*D. O. Coughlin,* for appellants.—The orphans' court had no jurisdiction to investigate these claims of Searfoss: Ake's Appeal, 74 Pa. 116; Brown's Appeal, 89 Pa. 139; Trust Co. v. Gazzam, 161 Pa. 536.

The decedent was simply surety on the notes and "a guaranty of a debt already contracted, or of a contract already made, without a new consideration, is void:" Conmey v. Macfarlane, 97 Pa. 361; Hess's Est., 150 Pa. 346; Paxson v. Nields, 137 Pa. 385.

Where parties are jointly liable, and one dies before suit brought, his executor cannot be sued jointly with the survivors; but, if after suit is brought against all, then one dies, it is optional with the plaintiff, to bring in the executor, or proceed against the survivors alone: Githers v. Clark, 158 Pa. 616; Neal v. Gilmore, 79 Pa. 421.

*G. J. Clark*, for appellee, presented no paper-book.

OPINION BY WILLIAM W. PORTER, J., March 21, 1900:

The court below awarded to William Searfoss the payment of a portion of his claim against the decedent's estate. It was founded upon two promissory notes signed by the decedent and Charles Hughes, his brother. The first defense set up is that the notes were given pursuant to a contract for the purchase of timber by Charles Hughes, and that the decedent was but a surety. Evidence was adduced to show that the amounts due under the timber contract had been paid, and that thereby liability on the notes was discharged. The testimony respecting the state of the accounts between the claimant and Charles Hughes, the purchaser of the timber, was conflicting. The auditing judge gave it consideration and reached the conclusion that a balance was due and payable. This finding of fact we are not disposed to disturb.

The second objection to the allowance of the claim is, that the notes being in form joint and the co-maker being alive, the court was without jurisdiction to award payment of any part of said notes. In Bowman's Administrators v. Kistler, 33 Pa. 106, a promissory note was given by three makers. Two of them, the decedent and one other, in effect were sureties. Proceedings were brought against the decedent's estate. It was contended that the note being in form joint and the decedent but a surety, his estate, by reason of his death, was relieved from liability. Mr. Justice WOODWARD uses this language: " As the death of a surety after judgment does not prevent pursuit of his estate in the same manner as if the contract had been several, so a fortiori his death before or pending suit shall not prevent such pursuit." See also Blair v. Wood, 108 Pa. 278, Dingman v. Amsink, 77 Pa. 114, and Miller v. Reed, 27 Pa. 244. The decedent's estate therefore is liable upon the obligations held by

the claimant to the extent of the award. The decedent's promise to pay was absolute and unconditional. As between him and his copromisor he may have been but a surety; but it may be assumed that without the pledge of his credit the purpose for which the notes were given would not have been accomplished. Where a person contemporaneously becomes surety for the debt or for the performance of a duty of a third person, he renders himself liable thereupon. The consideration is the favor the surety receives from a compliance with his expressed or implied request that credit should be given to the principal: Conmey v. Macfarlane, 97 Pa. 361. True, the promise must be contemporaneous with the original obligation, and it is contended here that the notes in evidence were given subsequently to the execution of the written contract for the purchase of the timber. The testimony, however, shows that when the bargain was made for the sale of the timber, the notes were to have the signature of the decedent, and that when they were first presented his name was not upon them, whereupon the notes were not accepted until subsequently, when they were presented to the holder with the name of the decedent upon them. The giving of the notes and the making of the contract were practically one transaction, and no attempt is made to show that the decedent put his signature to the notes under any misapprehension. While the contract had been signed, that which was to have been a contemporaneous act, namely, the delivery of the notes, was simply postponed until the proper signatures were secured.

We are further of opinion that the character of the controversy did not oust the jurisdiction of the orphans' court. The written obligations were a prima facie claim upon the decedent's estate. The defense upon the facts was payment. In attempting the proof of this defense it was developed that the original transaction was between the claimant and the co-maker upon the notes. The effect of the proof was in aid of the decedent's estate. The signature of the decedent to the notes clearly made the claim cognizable by the orphans' court. We are unable to see that the evidence in defense of the claim prevented that court from proceeding to adjudicate the right of the claimant upon the fund within its grasp for distribution.

The decree of the court below is affirmed.