## Thorpp's Sons Co. v. People's Trust Co., Executor.

*Practice—Affidavit of defence by fiduciary.*

It is not sufficient for a fiduciary to file an affidavit of defence using the words of section 7 of the Practice Act of May 14, 1915, P. L. 483, without stating the facts upon which he bases his belief that there is a defence to the plaintiff's claim.

Rule for judgment for want of a sufficient affidavit of defence. C. P. Northampton Co., Feb. T., 1924, No. 70½.

The affidavit of defence was as follows:

"The People's Trust Company, Executor of the last Will and Testament of Frank J. Groman, deceased, comes and says that it has made diligent inquiry and has not been able to obtain sufficient information to enable it to set forth particularly the nature and character of the defence in the above action, but it believes that there is a just and legal defence to the same of the following nature:

"First. The defendant does not admit, because of insufficient information, the correctness of the plaintiff's statement and asks that proof be submitted in support of said claim.

"Second. Said action is improperly brought against the People's Trust Company, Executor of the Will of Frank J. Groman, deceased, in that the obligation, if any, was an obligation of a partnership or firm doing business as Frank J. Groman & Sons.

"All of which he expects to be able to prove at the trial of this cause.

"(Signed)    HARRY D. KUTZ,
"Attorney for Defendant.

"State of Pennsylvania, County of Northampton, ss.:

"Wilbur L. King, being duly sworn according to law, deposes and says that he was formerly the Trust Officer of the People's Trust Company, and now, by virtue of merger and consolidation of said company with the E. P. Wilbur Trust Company, an employee of the E. P. Wilbur Trust Company; that the facts set forth in the above statement, so far as they have been made of his own knowledge, are true, and so far as made upon information derived from others, he is informed and verily believes them to be true, and all of said allegations he expects to be able to prove.

"(Signed)    WILBUR L. KING.

"Sworn and subscribed to before me this 22nd day of March, A. D. 1924.
"W. H. STAHLNECKER,
"Notary Public.
"Com. ex. June 7, 1927."

*Taylor & McCarthy*, for plaintiff; *H. D. Kutz*, for defendant.

STEWART, P. J., Dec. 1, 1924.—This is a rule for judgment for want of a sufficient affidavit of defence. The suit was brought to recover for a bill of goods sold to a firm of which the decedent, Frank J. Groman, was a partner. The People's Trust Company filed an affidavit of defence, in which it was set forth "that it has made diligent inquiry and has not been able to obtain sufficient information to enable it to set forth particularly the nature and character of the defence in the above action, but it believes that there is a just and legal defence to the same of the following nature." The Practice Act of May 14, 1915, § 7, P. L. 483, provides: "When an affidavit of defence or plaintiff's reply is made by an executor, administrator, guardian, committee or other person acting in a representative capacity, he need only state the facts he admits to be true, and that he believes there is a just and legal defence to the remainder and the facts upon which he bases his belief." Is the averment, tested by the act, sufficient to prevent this rule being made absolute? In the first case cited to us, Comerer *v.* Fraker's Administrators, 29 Dist. R. 491, it would seem as if the present affidavit would be approved, although it must not be forgotten that that case was decided on other grounds. In the second case cited, Lambert *v.* Welfley's Executor, 1 D. & C. 327, the syllabus is: "An affidavit of defence by a fiduciary in an action of *assumpsit*, in which he avers

that he has a just and legal defence to the whole of plaintiff's claim, based upon the fact that he has no knowledge that decedent made any such contract as that alleged by the plaintiff, is not in compliance with the requirements of section 7 of the Practice Act of May 14, 1915, P. L. 483." In that case the affidavit was as follows: "The defendant avers that he believes that he had a just and legal defence to the whole of the plaintiff's claim. For this he bases his belief on the following facts: That he has no knowledge that the decedent made any such contract as alleged by the plaintiff." President Judge Berkey said: "Certainly this is not a statement of the facts upon which he bases his belief, for no facts are there stated." In a late case, Smyser v. Strawbridge, Executrix, 4 D. & C. 297, each of the above cases is referred to, together with many of the latest decisions of the Supreme Court, and the syllabus is as follows: "Where such an affidavit (in the words of the act) has been filed, denials of averments contained in the plaintiff's statement, made merely upon the affiant's want of knowledge of the facts averred, are sufficient to prevent the averments being taken as true. In such case, judgment can only be entered against the defendant if the facts of the statement, specifically admitted in the affidavit of defence, together with the additional facts alleged in the affidavit itself, are sufficient in themselves to show that plaintiff has a good cause of action which is not sufficiently met by any defence set up in the affidavit." It will be noticed, however, that in that case certain specific facts were set out, and President Judge Wanner, in conclusion, said: "It has accordingly been held in several very recent cases that wherever a doubt exists as to a party's right to a summary judgment, it should always be resolved against entering the judgment, because the power so to do is only intended to be exercised in clear cases: Franklin Sugar Refining Co. v. Howell, 274 Pa. 190, 200; Rhodes v. Terheyden, 272 Pa. 397-402." In other words, he evidently thought that the facts averred in that case made the plaintiff's right to recover doubtful. In the present case no facts at all are averred. It has frequently been held that merely to aver that a party has made "diligent inquiry" is not sufficient. Ordinarily, it is the duty of a party to make inquiries from persons who will probably give him the information that he is after, and he must set out in his affidavit who the parties were and what the character and extent of his investigation was. In the present case, where the defendant was a member of a firm, it ought not to be difficult to find out whether this debt is due and owing. The cases cited by President Judge Wanner leave no doubt as to what an individual's duty would be, and, after carefully reading them, we fail to see why an executor or administrator should be relieved from the duty of making the same inquiries that are required of an individual. The present affidavit seems to us to be merely a formal one. We cannot say that we have any doubt about the plaintiff's claim. The effect produced on our mind is that the executor is afraid that he may do something which will make him personally responsible. While an estate ought to be protected against improper claims, yet no obstacles should be thrown in the way of a meritorious claimant. We shall, however, protect the defendant's rights, if there are any, by the order which we shall make. The second averment of the affidavit of defence is: "Said action is improperly brought against the People's Trust Company, Executor of the Will of Frank J. Groman, deceased, in that the obligation, if any, was an obligation of a partnership or firm doing business as Frank J. Groman & Sons." In Blair, Administrator, v. Wood, 108 Pa. 278, the opinion of the Supreme Court is as follows: "Section 4 of the Act of April 11, 1848, P. L. 536, provides for the bringing of a suit against the executor or administrator of a deceased

copartner, for a debt of the firm and for a recovery, without averring in the record or proving on the trial the insolvency of the surviving partner. For the purpose of action against the representative, the debt is treated as if it was the individual debt of the decedent: Brewster's Administratrix v. Sterrett, 32 Pa. 115. The estate of the decedent becomes liable for the whole debt of the firm of which he was a member: Moores' Appeals, 34 Pa. 411. In the class of cases to which this act applies, its purpose was to make the indebtedness several which was joint before: Miller v. Reed, 27 Pa. 244. Being several, a debt against the estate of the decedent may be treated as such, either to maintain an action therefor or for the purpose of set-off. It follows there is no error in this record." See, also, Miller v. Reed, 27 Pa. 244; Brewster's Administratrix v. Sterrett, 32 Pa. 115; Moores' Appeals, 34 Pa. 411, and Williams's Appeal, 122 Pa. 472. The Act of April 11, 1848, § 4, P. L. 536, was expressly saved from repeal by the Act of March 26, 1915, § 46, P. L. 18. Further discussion is unnecessary.

And now, Dec. 1, 1924, rule to show cause why judgment should not be entered for want of a sufficient affidavit of defence is made absolute; the amount to be calculated by the prothonotary, unless the defendant files a supplemental affidavit of defence in accordance with the foregoing opinion within fifteen days from this date.

From Henry D. Maxwell, Easton, Pa.