## Hogeboom, Ex'r, *versus* Gibbs, Sterrett & Co.

H. and P. were partners in an oil-well, for which G. furnished supplies. G. brought suit against the executor of H. to recover a balance due P. was called as a witness, on the part of plaintiff, to prove the partnership and the account. *Held*, that he was incompetent, and it was error to admit his testimony.

November 28th 1878. Before AGNEW, C. J., SHARSWOOD, GORDON, PAXSON and TRUNKEY, JJ. MERCUR and WOODWARD, JJ., absent.

Error to the Court of Common Pleas of *Crawford county:* Of October and November Term 1878, No. 314.

Assumpsit by Gibbs, Sterrett and others against John C. Hogeboom, executor of the estate of Henry Hogeboom, deceased, non-resident, impleaded with M. H. Philip and George J. Sherman.

This was an appeal from a justice of the peace. In the year 1867, Henry Hogeboom, of New York, purchased with one Martin H. Philip, an interest in some land in Crawford county, Pa., upon which were several oil-wells, operated under lease from the former

[Hogeboom *v.* Gibbs.]

owner of the land. By virtue of his purchase he became entitled to a royalty from these wells. Philip became interested with these lessees, in some of the wells, and he contracted the debt for which the plaintiffs below brought suit.

After Henry Hogeboom's death, suit was brought by Gibbs, Sterrett & Co., against John C. Hogeboom, the executor of Henry Hogeboom, before a justice of the peace, to which the executor appeared. Judgment was rendered for the plaintiffs, and the executor appealed.

The action was brought against the executor, alleging that the testator was a partner with Philip and George J. Sherman, and a declaration was filed December 13th 1876, with common counts only upon an alleged assumption of the executor, and not of Henry Hogeboom. . On the 19th of August 1878, the plaintiffs filed another declaration, in which, with the common counts against the executor, and upon his alleged promise to pay, was joined a count upon the assumption of the testator in his lifetime.

At the trial plaintiff's counsel offered in evidence the deposition of Philip, taken June 27th 1874. Defendant objected because Philip was a party in interest, and the suit was against an executor.

The court overruled the objection, and the witness testified that Henry Hogeboom, George J. Sherman and himself were interested together in producing oil on Church run, on the Kerr farm, from about April 1st 1872 until February 1873. That the balance of plaintiff's account was $182.14, with interest from November 24th 1872. The only other evidence of the copartnership were letters which passed between Hogeboom and Philip.

The third point of defendant was as follows : . " M. H. Philip is an incompetent witness, and his evidence is not sufficient to warrant a verdict for the plaintiffs," which the court refused.

Verdict for plaintiffs, when defendant took this writ, his first and second assignments of error being respectively the admission of the testimony of Philip and the refusal of the above point.

*Roger Sherman*, for plaintiff in error.—Philip was the surviving partner, as he himself testified. He was not competent prior to the Act of March 27th 1865. He was not made competent by that act, because he was not an adverse party upon the record, nor a person for whose immediate benefit an action was proceeding. He was not made competent by the Act of April 15th 1869, because being a person interested in the event of the suit, he was within the exception to that act, the action being against an executor. He was interested because he confessedly owed the whole debt, and if the plaintiff failed, all could be recovered of him. If the plaintiff succeeded, he was liable for one-half only : Hanna *v.* Wray, 27 P. F. Smith 27 ; Taylor's Ex'r *v.* Kelly, 30 Id. 95 ; Loomis *v.* Ruetter, 9 Watts 576; Bellas *v.* Fagely, 7 Harris 277 ; Purviance *v.*

[Hogeboom *v*. Gibbs.]

Dryden, 3 S. & R. 402; Hickut *v*. Fagely, 6 W. & S. 142; Meason *v*. Kaine, 13 P. F. Smith 335.

Brewster's Adm'rx *v*. Sterrett, 8 Casey 115, decided in 1858, is distinguishable from this case. In that case the court held that the admission of Mehaffy as a witness was not an essential error, because he testified as to an issue not submitted to the jury.

*Guthrie & Byles*, for defendants in error.—This case is expressly ruled by Brewster's Administratrix *v*. Sterrett, 8 Casey 115. That action was upon a promissory note given by a firm against the personal representative of a deceased partner. The surviving partner was held to be a competent witness for the plaintiff. The Act of 1869 made a change in the matter of the competency of witnesses. Indeed, that, together with the prior act of 1865, revolutionized the rules of evidence. All the cases, however, since their passage, concur in denominating them as enabling and enlarging, not restraining statutes; Scheetz *v*. Hanbest's Ex'r, 31 P. F. Smith 100; Pratt *v*. Patterson, 31 Id. 114; McFerren *v*. Mont Alto Iron Co., 26 Id. 180.

Mr. Justice Paxson delivered the opinion of the court, January 6th 1879.

It has been repeatedly held that the Act of 15th April 1869 was an enabling, not a restraining statute, and that it makes no witness incompetent who would have been competent prior to its passage: McFerren *v*. Mont Alto Iron Co., 26 P. F. Smith 180; Scheetz *v*. Hanbest's Ex'rs, 31 Id. 100; Pratt *v*. Patterson, Id. 114. The witness Martin H. Philip would have been incompetent under the law as it stood prior to 1869. He might not have been incompetent for all purposes upon the mere ground of his being a partner. He was called, however, for the purpose of showing the partnership. The effect of his evidence, if received, would be to shift a portion of his responsibility upon some one else. He was thus directly interested, and for that reason incompetent under the authority of Bellas *v*. Fagely, 7 Harris 277; Purviance *v*. Dryden, 3 S. & R. 402; Heckert *v*. Fegely, 6 W. & S. 142; Meason *v*. Kaine, 13 P. F. Smith 335. The case of Brewster's Adm'x *v*. Sterrett, 8 Casey 115, was relied upon by the defendant in error as sustaining the opposite view. A careful examination of this case, however, shows that it is not seriously in conflict with the authorities above cited. It is true, Mr. Justice Woodward, in the concluding paragraph of his opinion, does say that the witness Mehaffey would be competent for whatever purpose called. He was not called to prove the partnership, and it is quite possible this point did not even suggest itself to the mind of the learned justice who wrote the opinion. There is nothing in the report of the case to indicate that it did. The testimony of Mehaffey was not furnished in the paper-books.

[Hogeboom *v.* Gibbs.]

Justice WOODWARD supposed that the witness had been called to sustain an issue that had been withheld from the jury, which of course was not an essential error.

The witness Philip being incompetent on the ground of interest, he was not made competent by the Act of 27th March 1865, Pamph. L. 38, Purdon 624, pl. 13, for the reason that he is neither an adverse party on the record, nor a person for whose immediate and adverse benefit such action was instituted, prosecuted or defended. Nor was the witness rendered competent by the Act of 15th April 1869, because the suit in which he was called to testify was brought by an executor. Said act by its express terms does not apply to actions brought by or against executors or administrators.

What has been said covers the first and second assignments of error. The remaining assignments need not be discussed, as the questions involved may not arise upon another trial.

Judgment reversed, and a *venire facias de novo* awarded.