## Alcorn's Executor *versus* Cook.

101 $\overline{209}$
30 SC ³156,

1. Where two parties execute a joint note and subsequently one of them dies and suit is then brought on the note against the survivor and the executor of the deceased maker, said survivor is not a competent witness on the part of the plaintiff to prove the execution of the note by the deceased, inasmuch as his testimony would have the effect of relieving him from one-half the obligation in suit.

2. Even if said survivor was principal on the note and the deceased but surety, the former being personally a party to the record cannot be made a witness against the estate of the deceased without the consent of its representative.

3. The provisions of the Act of March 27th 1865, Pamph. L. 38, enabling a party in any civil proceeding to compel the opposite party to testify on his behalf are governed by the proviso of the Act of April 15th 1869, Pamph. L. 30. They have, therefore, no application to suits by and against executors and administrators.

4. Where in an action against an executor upon a note of his decedent, the plaintiff calls as a witness to prove the execution of the note, the husband of a daughter and devisee of the decedent, said witness is incompetent to testify inasmuch as his evidence would be contrary to his wife's interest, and this though there is no evidence tending to prove that decedent's estate is not entirely solvent and sufficient, notwithstanding the claim in suit, to satisfy the devise to the witness' wife.

5. Where a party has parol authority to sign a note for another, the power is well executed though a seal be appended to the maker's name, and though the note be not signed in his presence.

·6. Where an action is brought on a joint obligation one of the obligors whereof is dead, judgment may be entered against the executor of the deceased obligor notwithstanding the fact that his joint obligor is at the time in full life.

October 4th 1882. Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, TRUNKEY, STERRETT and GREEN, JJ.

ERROR to the Court of Common Pleas of *Westmoreland county:* Of October Term 1882, No. 141.

Debt, by James Cook against H. J. Branthoover and John McCauley, executor of the last will and testament of John Alcorn, deceased, upon a certain single bill under seal, alleged to have been given to said Cook by Branthoover and Alcorn jointly. Defendant Branthoover made no defence. McCauley, executor, filed a plea non est factum testatoris.

On the trial, before HUNTER, P. J., the jury was sworn as to McCauley executor only. The plaintiff then offered to prove by defendant Branthoover the execution of the instrument. Defendant objected for the following reasons:

"1st. Under the Act of 1869, the witness is incompetent, because being co-obligor with defendant, as alleged.

[Alcorn's Executor *v.* Cook.]

(*a.*) The matter alleged in the plaintiff's offer was a transaction between the witness and John Alcorn, deceased, whose estate by the executor of his last will, &c., is the defendant in the issue on trial.

(*b.*) The witness being married to a daughter and devisee of the said testator defendant, he is incompetent to testify against the interest of his said wife.

2nd. Under the Act of 1865, the witness is incompetent, because,

(*a.*) He is not an adverse party, or person, for whose immediate and adverse benefit the present action or proceeding is defended; on the contrary his interest, the note in suit being joint, is adverse to the defendant to this issue."

Objection overruled. Evidence admitted. Exception.

Branthoover then testified that he had himself signed the note for Alcorn by his express authority and had also attached the seals. He had not, however, written Alcorn's name in his presence. Plaintiff then offered the due-bill in evidence; objected to on the ground that its execution had not been sufficiently proved. Objection overruled. Evidence admitted. Exception.

Defendant requested the court to charge as follows:

1st. If you believe that the signature and seal of John Alcorn, deceased, were affixed to the note in suit, in his absence, then, notwithstanding that you may believe that he authorized the act in the manner testified to by H. J. Branthoover, the witness for the plaintiff, your verdict must be for the defendant. Refused. (Second assignment of error.)

2nd. The testimony, and the witness H. J. Branthoover, being incompetent, all the testimony given by him ought to be disregarded by you, and the same is withdrawn from your consideration. Reserved.

3rd. Under all the evidence in the case, your verdict should be for the defendant. Reserved.

The court ordered a verdict for plaintiff, which was rendered accordingly, and subsequently entered judgment on the points reserved, filing the following opinion:

"The question raised by the points has given me no little labor and concern.

"I believe every word the witness testified to, but was he a competent witness? On the trial the court overruled the objection and admitted the offer (pro forma), and allowed the witness to testify. The points reserved now raise the same question.

"The suit was brought against the surviving obligor, and the representatives of the deceased (alleged) co-obligor. This practice is not justifiable, but the question of an improper joinder was not raised. It is true the jury was sworn only as to the

[Alcorn's Executor v. Cook.]

executor of Alcorn, but the witness was nevertheless a party to the record and was called to testify substantially against himself. Under the Act of 1869, the witness could only be excluded on the ground of his wife being a beneficiary under the will of Alcorn, which was not formally shown, but even had it been made so to appear, still I think he was competent, for he was not testifying directly against his wife, and so far as the court was informed, even if the claim was collected off the estate she would not be hurt.

" Some light has been cast upon the question by Mr. Wharton in his ' Law of Evidence,' sec. 466, as well by the ruling of the Court in Ash, et al. v. Guie, 97 Pa. St. 493.

" We do not think the case of Hogeboom v. Gibbs, 7 Norris 235, rules this case as insisted upon. There the witness was not a party to the record, and was not called under the Act of 1865, and in addition his evidence was to divide responsibility by showing that the deceased was a partner. Here the witness testified that he was wholly responsible, being the principal in the note, and I think he was a competent witness under the Act of 1869. It may be added that the various Acts of Assembly allowing parties to testify are enlarging Acts, and must be liberally construed. Still further may it be said, that the Act of 1869 does not interfere with the Act of 1865."

Defendant thereupon took this writ, assigning for error the admission of plaintiff's offer of evidence, the answers to defendant's points, the entry of judgment for plaintiff on the points reserved and finally the entry of the judgment in favor of plaintiff, it appearing by the record that the joint obligor is alive and surviving defendant's testator. (Seventh assignment of error.)

*Hazlett* and *Williams*, for the plaintiffs in error.—The witness, Branthoover, was called for the purpose of showing that John Alcorn had signed and sealed with him a joint note to the plaintiff.

He was thus directly interested, and for that reason, under the law as it stood prior to 1869, incompetent, under the authority of Bellas v. Fagely, 7 Harris 277 ; Purviance v. Dryden, 3 S. & R. 402 ; Heckert v. Fegely, 6 W. & S. 139; Meason v. Kaine, 13 P. F. S. 335 ; Hogeboom v. Gibbs, 7 Norris 235. His competency is not removed by that Act, because :

1st. Being the husband of a daughter and devisee of the testator defendant, he is called to testify against the interest of his wife.

2d. The action is against an executor : Taylor v. Kelly, 30 P. F. S. 95 ; Diehl v. Emig, 15 Id. 320 ; Karns v. Tanner, 16

Id. 297 ; Pattison *v.* Armstrong, 24 Id. 476 ; Crouse *v.* Staley, 3 W. N. C. 83.

It is contended that the witness, being called by the plaintiff, is made competent by the Act of 1865.

Although nominally a party to the record, he was not a party to the issue, which was exclusively one between Cook on one side, and the estate of John Alcorn, by its representative, on the other.

Being incompetent on the ground of interest, the witness is not made competent by the Act of 1865, for he is neither an adverse party, nor a person for whose immediate and adverse benefit such action was instituted, prosecuted or defended : Hogeboom *v.* Gibbs, 7 Norris 235.

In Ash *v.* Guie, 1 Out. 493, relied on by the court below, the witnesses, Wells and Doan, were only called to testify as to matters which occurred " between the surviving partners and the adverse party." They were not called, as in the case at bar, to prove the liability of a deceased joint obligor.

Again, admitting the testimony of Branthoover for all it was worth, the liability of the decedent was not sufficiently shown.

One who has only a parol authority for the purpose, cannot bind his principal by affixing, in his absence, his name and seal to a bond : Gordon *v.* Bulkley, 14 S. & R. 331 ; Bellas *v.* Hays, 5 S. & R. 427 ; Cooper *v.* Rankin, 5 Binney 615 ; Grove *v.* Hodges, 5 P. F. S. 504.

The executor of a joint contractor cannot be joined with the survivors : Scip *v.* Drach, 2 Harris 355 ; 2 Williams on Ex'rs 1191 ; Hoskinson *v.* Eliot, 12 P. F. S. 393 ; Neal *v.* Gilmore, 29 Id. 421.

This misjoinder can be assigned for error in the Supreme Court, as it is patent on the record : Geddis *v.* Hawk, 10 S. & R. 33.

*McAfee*, *Atkinson* and *Peoples*, for the defendant in error.—There was no partnership between Branthoover and Alcorn. Branthoover was the principal and Alcorn the surety. The former had therefore no pecuniary interest in the issue, for the reason that he was primarily liable, and if recovery was had against Alcorn's estate he was bound to reimburse to it the amount paid out. It was therefore a matter of indifference to the witness as to how the issue was determined, for the reason that he would be responsible for the money in any event : Baird, Indorsee of McDonnell *v.* Cochran et al., 4 S. & R. 397 ; Ralph *v.* Brown, 3 W. & S. 395 ; Nass *v.* Vanswearingen, 7 S. & R. 192 ; Colliers' Executors *v.* Leech, 5 Casey 404 ; Brewster's Administratrix *v.* Sterrett, 8 Casey 115.

[Alcorn's Executor v. Cook.]

The Acts of 1865 and 1869 are enabling statutes and do not render incompetent witnesses before competent: Sheets v. Hanbest's executors, 31 P. F. S. 100; Pratt v. Patterson, 31 P. F. S. 114. The Act of 1869 does not affect that of 1865: Ash v. Guie, 1 Out. 493. It does not follow that witness was called to testify against his wife's interest, for it was not shown that Alcorn's estate was insolvent or that a recovery in this case would in any way endanger the wife's interest in said estate. The case of Taylor v. Kelly, 30 P. F. S. 95, does not apply. The witness was an adverse party to the plaintiff and could therefore be compelled to testify under the Act of 1865.

The execution of the due-bill by Alcorn was sufficiently proved; Jones v. Horner, 10 P. F. S. 214; Baum v. Dubois, 7 Wright 260; Brewster's administratrix v. Sterrett, 8 Casey 115; Stah v. Berger, 10 S. & R. 170.

The objection by the plaintiff in error to the joinder of the survivor with the representative of his deceased co-obligor was not raised in the court below, and is not, therefore, subject to review. Moreover, the plaintiff in error is not hurt by such joinder, and if improper, the record can be amended in the Supreme Court by striking out the name of the survivor, and allowing the judgment to stand against the estate of the deceased co-obligor: Hoskinson v. Elliott, 12 P. F. S. 393.

Mr. Justice GORDON delivered the opinion of the court, November 20th, 1882.

The admissibility of the evidence of Branthoover for the plaintiff below, is the only matter in this case which involves serious debate. The note in question purported to have been executed by Alcorn and Branthoover jointly. The suit was brought against the latter, and John G. McCauley, the executor of Alcorn's estate. This case then, falls within the proviso to the Act of 1869, and must be determined by those rules of evidence which were of force previously to the approval of that Act. But under these rules, Branthoover's testimony ought to have been excluded; first, because his oath as proposed in the offer, would have the effect to relieve him of the one-half of the obligation in suit by casting that much of it upon the estate which he represented. He was thus personally interested against that estate, hence, not competent for the purpose proposed: Bellas v. Fagely, 7 Har. 276; Hogeboom v. Gibbs, 7 Nor. 235.

Admitting, however, that Alcorn was but surety in the note, and that because of that fact, Branthoover had nothing to gain by charging the estate, yet as he was personally a party to the record he could not be made a witness against the estate, without the consent of its representative: Wolf v. Fink, 1 Barr

[Alcorn's Executor *v.* Cook.]

435 ; Swanzey *v.* Parker, 14 Wr. 441. Therefore, unless the ruling of the court below is sustained by the Act of 1865 it cannot stand. But we are inclined to the opinion that this Act affords it no support. This statute must be construed with its supplement of 1867. The two are essentially one, and must stand together. Both parties must have the benefit of these acts or neither, and where by *actus dei* the latter is inoperative the former falls with it. The legislature soon discovered that the rule permitting a party to make a witness of one of two or more of his adversaries was often productive of more harm than good, hence it was so altered by the Act of 1867 that the calling of one such witness qualified all his fellows as witnesses in their own behalf. Thus the rule was made equitable and just, and it was put out of the power of a party to do injustice to his opponents by the selection of one of their number to testify in his behalf, and who might really be interested rather for the person thus selecting him than for his own associates. If, however, we permit the Act of 1865 to be operative, in a case like the present, where its supplement cannot be applied, we strike down the legislative intent, and reinstate the statute as it originally stood, without regard to its subsequent qualification. As we are not inclined to do this, we must necessarily hold that the Act of 1865, like that of 1869, has no application to suits by and against executors and administrators.

Again, Mrs. Branthoover appears to have been a daughter of the testator and one of his devisees, and for this reason, if for no other, Branthoover was not competent to testify against the estate in which his wife was directly interested. It is urged that there was no evidence tending to prove that the estate was not entirely solvent, and sufficient, notwithstanding the claim in suit, to satisfy her legacy or bequest. This may be so, but we cannot stop to measure the extent of her interest, whether great or small ; nor can we engage in inquiries as to the ability of the estate to meet the bequests and legacies directed by the will. That she had some interest in the property left by her father is not doubtful, and this being the case, as was said by Mr. Justice SHARSWOOD, in Pringle *v.* Pringle, 9 P. F. S. 281, nothing is better settled than that wherever the wife is interested the husband cannot be a witness ; not indeed on the ground of personal interest, for of that he may have divested himself by a release, or by a settlement to her separate use, but on the ground of public policy.

It follows that the defendant's first, third and fourth exceptions were well taken and must be sustained. The second and seventh assignments have nothing in them. According to the case of Jones *v.* Horner, 10 P. F. S. 214, where a party has a parol authority to sign a note for another, the power is well

executed though a seal be appended to the payer's name. So the judgment in itself was well enough entered against the executor, notwithstanding the testator's joint obligor was, at the time, in full life, for a case of this kind is met and provided for by the Act of the 22nd of March, 1861.

The judgment is reversed and a new venire ordered.