Enos D. Trymby, Walter E. Hunt and Lorenzo D. Wil-
  kinson, trading as Trymby, Hunt & Co. *v.* Michael B.
  Andress, Horace G. Craven and Charles C. Haines,
  members of an unincorporated association, trading as
  Gordon Heights Club, Appellant.

*Evidence—Competency of witness—Party dead.*

A.'s executor was sued jointly with C. and H. for goods which A., C. and
H. bought for an unincorporated association of which they were members.
C. and H. were not served.  H. was called as a witness by the plaintiffs to
prove that a promissory note signed by the name of the association after
its incorporation for the amount of the purchase was not an absolute pay-
ment of the debt.  *Held,* that as H.'s interest was adverse to the plaintiffs,
and they had elected to call him as their witness, he was competent for
the purpose for which he was called.

*Promissory note—Receipt—Evidence.*

Plaintiffs sold goods to a committee of an unincorporated association.
They subsequently took a promissory note signed in the name of the as-
sociation after its incorporation.  At the same time they gave a receipt
"in full settlement of all balance of our bill for goods furnished and all
demands to date."  One of plaintiffs' witnesses testified that at the time the
receipt was signed, plaintiffs' agent objected to signing it, and that it was
only signed upon the agreement of one of the members to guarantee the
note, and that the association should "pay something on account, and fix

it up when it came due, and renew it and pay it as it went." *Held*, that the question as to whether the note was an absolute payment or not, was for the jury.

Argued March 24, 1896.  Appeal No. 8, July T., 1895, by defendant, from judgment of C. P. No. 4, Philadelphia Co., June T., 1893, No. 383, on verdict for plaintiffs.  Before STERRETT, C. J., GREEN, McCOLLUM, MITCHELL and DEAN, JJ. Affirmed.

Assumpsit for goods sold and delivered.  Before WILLSON, J.

This was an action of assumpsit to recover $658.87 for furniture alleged to have been sold to Michael B. Andress, Horace G. Craven and Charles C. Haines as members of an unincorporated association, for the furnishing of a club house known as Gordon Heights Inn.  Craven and Haines were not served. A judgment for want of an affidavit of defense was entered against Andress, which judgment was subsequently opened and the issue tried.

The goods claimed for were purchased in September and October, 1890, and the question was, whether the purchase was made by Andress, Craven and Haines, doing business in the name of Gordon Heights Inn, or by that unincorporated association itself of which Andress, Craven and Haines were members, and were a committee.

In April, 1891, the Gordon Heights Club was incorporated under the laws of the state of Delaware, and continued to do business as a corporation.

On June 3, 1892, plaintiffs took from said corporation its promissory note dated April 27, 1892, for the claim.

On March 30, 1895, a suggestion of the death of Michael B. Andress, and the substitution of Robert Alexander as executor, was filed.

At the trial Mr. Levy, counsel for plaintiffs, offered in evidence plaintiffs' books, showing the account as set forth in the statement, the claim being for the balance, $658.87, with interest, and rested.

Mr. Shapley, counsel for defendant, offered in evidence receipt as follows:—

" Received, Philadelphia, June 3, 1892, of Gordon Heights

Club their note, dated April 27, 1892, at three months, for $658.87, in full settlement of all balance of our bill for goods furnished and all demands to date.

" (Signed)                          TRYMBY, HUNT & CO.,
                                            " E. T. TRYMBY."

He also offered note produced by plaintiffs on call as follows :

"PHILADELPHIA, April 27, 1892.

" Three months after date we promise to pay to the order of Trymby, Hunt & Co. $658.87 at room No. 59 F. Brown Building, Fifth and Chestnut streets, Philadelphia, without defalcation, for value received.

" (Signed)           GORDON HEIGHTS CLUB,
        By its officers,       " W. GEARY, President.
                              " C. C. HAINES, Treasurer,
                              " M. B. ANDRESS, Secretary."

Charles C. Haines, called by plaintiffs' counsel, was sworn upon his voir dire.

Mr. Levy : " I propose to prove that Mr. Haines was present when the note was delivered by him to Mr. Trymby, of the firm of Trymby, Hunt & Co., one of the plaintiffs in this case, and that Mr. Trymby stated, in addition thereto, that in consequence of a conversation had between him and Mr. Andress he would not take the note in settlement of the account, but would merely take it as collateral ; and that was the understanding between him and Mr. Andress which he repeated to Mr. Haines at the time the note was received by Mr. Trymby and the receipt signed by Mr. Trymby at the same time—that there was a contemporaneous oral agreement made when the note was given."

Mr. Shapley : " I object on the ground that Mr. Haines is not a competent witness to saddle the obligation in this case upon Michael B. Andress' estate."

Objection overruled.   Exception for defendant. [1]

The witness was then sworn.

Mr. Shapley : " I object to the introduction of the evidence proposed by the plaintiffs in this case on the ground that the evidence that the counsel has stated in the offer is not sufficient to contradict the instrument which has been produced."

Objection overruled.   Exception for defendant.

By Mr. Levy:

Q. You are acquainted with the members of the firm of Trymby, Hunt & Co.?   A. Yes, sir; I know them well.

Q. At the time that the purchases were made from Trymby, Hunt & Co., you, Michael B. Andress and Mr. Craven composed the Gordon Heights Club?   A. We were a committee appointed by some members; yes, sir.

Q. Were you present when this note was received by Mr. Trymby of Trymby, Hunt & Co.?   A. Yes, sir. I handed that note to Mr. Edward Trymby myself at my office, Fifth and Chestnut.

Q. Tell the court and jury what took place at that time? A. I prepared this note some two weeks and the receipt before Mr. Trymby took it. I wrote to Mr. Trymby to come and get it and he sent his bookkeeper. That gentleman stopped there after it, and he read it, and as it stated " in full settlement " he thought he would not have anything to do with it. He said he would not take it. I saw Mr. Andress a couple of days afterwards and told him what the bookkeeper said, that he had better see Mr. Trymby, and he went to Mr. Trymby's store, so he stated to me, and I saw him afterwards, and he said Mr. Trymby would call on me and see me about this, and Mr. Trymby called on me and said Mr. Andress had been there and made everything satisfactory, and he signed this receipt and took that note.

Q. State what was said?   A. He said he had made arrangements with Mr. Andress and everything was satisfactory, that he would take this note, that he wanted money and he would discount it and raise the money. I do not know exactly whether he said he would take it as collateral, but he said everything was satisfactory.

By Mr. Levy:

Q. What did Mr. Andress tell you that the agreement was between him and Trymby, Hunt & Co.?   A. Mr. Andress said that he had to guarantee this, that he would not take it in any other way, or something to that effect. That we had to pay something on account and fix it up when it came due, and renew it and pay it as it went.

Defendant's points were as follows:

1. The plaintiffs' written agreement showing the receipt by them of the promissory note of a third party in full settlement

of their claims cannot be altered or contradicted, except upon proof of fraud, accident or mistake in its execution.  *Answer :* Refused. [2]

2. There is no evidence in this case that warrants an alteration of the written agreement.  *Answer :* Refused. [3]

Verdict and judgment for plaintiff for $658.87.

*Errors assigned* were, (1) ruling on evidence, quoting the bill of exceptions ; (2, 3) above instructions, quoting them.

*E. Cooper Shapley*, *Edward W. Magill* with him, for appellant.—The judge erred in admitting Charles C. Haines as a witness on behalf of plaintiffs.   This proceeding is not against the surviving partners or joint promisors.   It is against the deceased.   Therefore, the exceptions in the act of 1887 do not apply.

If it be held·that a suit against the executor of the deceased and the survivors jointly is within the exception, then the testimony of Haines is not admissible to affect Andress' estate, because (*a*) the statement by Haines of what Trymby told him Andress said is not admissible, and (*b*) the conversation between Andress and Haines is not a matter· that occurred between a surviving partner or joint promisor, and the other party on the record.

The plaintiffs' written agreement showing the receipt by them of the promissory note of a third party in full settlement of their claims, cannot be altered or contradicted, except upon proof of fraud, accident or mistake in its execution : Phillips v. Meily, 106 Pa. 536; Hoffman v. R. R., 157 Pa. 174; Kellogg v. Richards, 14 Wend. 116.

The cases which allow receipts to be explained are cases of recitals in deeds : Hamilton v. McGuire, 3 S. & R. 355 ; Bolton v. Johns, 5 Pa. 145.   Or of mistakes in amount: Jones v. Patterson, 1 W. & S. 321 ; Bell v. Bell, 12 Pa. 235 ; Gue v. Kline, 13 Pa. 60 ; Shoemaker v. Stiles, 102 Pa. 549.   Or some other mistake of fact: Russell v. Church, 65 Pa. 15; Wolf v. City, 105 Pa. 25 ; Megargel v. Megargel, 105 Pa. 475.   Or where the receipt is a mere acknowledgment of delivery or payment: Dutton v. Tilden, 13 Pa. 46 ; Grove v. Donaldson, 15 Pa. 128 ; Batdorf v. Albert, 59 Pa. 59.   Or there was fraud in the procuring of it: McGrann v. R. R., 111 Pa. 171.

In the present case no fraud, accident or mistake was alleged, but the only proposition was to show that the note of a third party, which was agreed to be taken "in full settlement," was not so taken: Harris v. Hay, 111 Pa. 562; Greenleaf on Ev. sec. 305; Fuller v. Crittenden, 9 Conn. 406; Langdon v. Langdon, 4 Gray, 186; Furbush v. Goodwin, 5 Foster (25 N. H.), 425; Wood v. Whiting, 21 Barb. 190.

*Julius C. Levi,* for appellees.—Even if there was not any evidence of any actual fraud, accident or mistake committed at the inception of the agreement as evidenced by said "receipt," if the same was subsequently attempted by defendants to be used fraudulently for a different purpose than that for which it was agreed to be used, oral evidence is admissible to show what the real agreement between the parties was: Rearick v. Rearick, 15 Pa. 66; Billinger v. Eckert, 16 S. & R. 424; Stine v. Sherk, 1 W. & S. 195; Frey v. Heydt, 116 Pa. 611; Renshaw v. Gans, 7 Pa. 119; Schettinger v. Hopple, 3 Grant, 54; Woolan v. Hearn, White & Tudor's Leading Cases in Eq. 966; Phillips v. Meily, 106 Pa. 536; Christ v. Diffenbach, 1 S. & R. 464; Miller v. Henderson, 10 S. & R. 290; Hultz v. Wright, 16 S. & R. 345; Clark v. Partridge, 2 Pa. 13; Clarke v. Partridge, 4 Pa. 166; Campbell v. McClenachan, 6 S. & R. 172; Lyon v. Huntingdon Bank, 14 S. & R. 283; Oliver. v. Oliver, 4 Rawle, 141; Rearich v. Swineheart, 11 Pa. 233.

Appellees' answer to appellant's objection, that the testimony of Charles C. Haines "is only that of a single uncorroborated witness," is that a preponderance of proof is all that is required: Gehres v. Crawford, 9 Atl. 508; Bugger v. Creswell, 12 Atl. 829; Dick v. Ireland, 130 Pa. 299; Bank v. Thompson, 144 Pa. 393; Brewster's Eq. Pr. sec. 5452; Brawdy v. Brawdy, 7 Pa. 157; McIntyre v. Kennedy, Childs & Co., 29 Pa. 448; Weakly v. Bell, 9 Watts, 273; 1 Smith's Leading Cases, 9th Am. ed. p. 627; Haines v. Pearce, 41 Md. 221; 1 Am. & Eng. Ency. of Law, 96; Bank v. Huston, 11 W. N. C. 389; Wodock v. Robinson, 148 Pa. 503.

Appellees' reply to appellant's point that Haines is not a competent witness for plaintiffs under the act of 1887 is that said witness is not a party to the record except in a nominal sense, to wit, said Haines was not served with process, neither

did he file any voluntary appearance as one of the defendants therein, and the jury was only sworn as to Alexander Magill, executor of the estate of said Michael B. Andress.

Appellees submit that the act contemplates an immediate and direct interest in the outcome of the very suit, and not an indirect, contingent and remote interest therein. The existence of a possible right of recovery over against Haines by way of contribution, upon payment of judgment by Magill as executor of Michael A. Andress, is not enough: Dixson v. McGraw Bros., 151 Pa. 98; Spotts' Est., 156 Pa. 281.

PER CURIAM, April 6, 1896:

We find nothing in this record that would justify us in sustaining any of the assignments of error. The questions involved were rightly decided, and neither of them requires discussion. The witness, Charles C. Haines, called by the plaintiffs, is on the record as one of the defendants, but was not served. His interest, so far as he could have had any, was adverse to the plaintiffs. They elected to make him their witness; and, in the circumstances, there appears to be no valid objection to his competency. We think he was rightly admitted. Defendant's requests for charge, recited in the second and third specifications, were rightly refused. The case depended on the question of fact whether the note specified in plaintiffs' receipt of June 3, 1892, was given and accepted as absolute payment of the bill of goods therein mentioned. That question was fairly submitted to the jury, upon sufficient evidence, and found in favor of the plaintiffs. The judgment entered on their verdict should not be disturbed.

Judgment affirmed.