## Bryn Mawr College Trustees *v.* Gold Building and Loan Association, Appellant.

Argued October 14, 1935.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADT-
FELD, PARKER, JAMES and RHODES, JJ.

*Oscar Rosenbaum,* for appellant.

*C. L. Cushmore, Jr.,* with him *Thomas Raeburn White,* of *White, Maris & Clapp,* for appellee.

OPINION BY STADTFELD, J., December 18, 1935:

This was an action of assumpsit by plaintiff, a first mortgagee, against the defendant building and loan association, a second mortgagee, to recover for taxes paid by said plaintiff, after foreclosure, wherein plaintiff claimed subrogation because of an alleged transfer of title to the defendant prior to foreclosure. The alleged conveyance was denied by defendant. The case was tried by the court without a jury. The court, in an opinion by TUMOLILLO, J., found for plaintiff. A request for binding instructions and for judgment n. o. v. was denied, and judgment entered on the findings in favor of plaintiff. From that judgment, this appeal was taken.

We quote from the opinion and findings of the court: "The plaintiff held a first mortgage on a property, upon which the defendant Building and Loan Association held the second mortgage. The mortgage had been granted to the plaintiff by one Fine, who subsequently conveyed his interest in the property to William Glazer and Samuel A. Green.

In 1929 Glazer and Green executed a deed at the request of one Gold, the conveyancer of the defendant association, which was delivered to David Rabinowitz, its secretary. This deed was never recorded. Thereupon, the defendant association entered into possession and collected the rents accruing from the premises.

The plaintiff instituted foreclosure proceedings on January 30, 1934, and purchased the property at a sheriff sale on March 5, 1934. Thereupon the plaintiff paid certain city and school taxes assessed against the premises for the years 1932, 1933 and 1934 and brought this action to recover said payments from the defend-

ant, alleging that the defendant was the real owner of the premises during this period and thus was liable for the taxes."

The findings of the trial judge without a jury, if supported by legally competent evidence, are as conclusive on appeal, as the verdict of a jury: Bayard v. Pennsylvania Knitting Mills Corp., 290 Pa. 79, 137 A. 910; Philadelphia Inquirer Co. v. Sabia, 90 Pa. Superior Ct. 266.

The main issue in this case is whether appellant was the actual owner of the premises in question at the time when the taxes sued for were assessed: Pennsylvania Co. for Insurances on Lives and Granting Annuities, Trustee v. Bergson, 307 Pa. 44, 159 A. 32; Fidelity Insurance Trust & Safe Deposit Co., Trustee v. Second Phoenix Bldg. & Loan Assn., 17 Pa. Superior Ct. 270.

At the trial, the plaintiff produced, Samuel A. Green, one of defendant's alleged grantors, who testified that he and the other alleged grantor had been the owners of the property and had executed and acknowledged a deed thereto and delivered it to the secretary of the defendant; that they had done this pursuant to the written request of the conveyancer of the defendant association, which request was offered in evidence, and the signature duly identified. The defendant association was named for this conveyancer, Isaac Gold, and the official report of the Department of Banking offered in evidence showed that its meeting place was at the office of this conveyancer, and there was also testimony to this effect and to the effect that the grantors had always dealt with him in paying dues and all other matters having to do with the Association. He was the one who instructed the grantors to deliver the deed to the Association's secretary. Prior to the trial of the case, counsel for the plaintiff made formal demand, in writing, upon counsel for the defendant for production of the original deed, but this was not produced.

The deed was alleged to have been delivered in August of 1929, and in November of that year, by its own admission, defendant took possession of the property. The property was not rented, however, until September of 1930, and thereafter defendant collected the rents from the property until October of 1932. The defense was based upon the testimony of the secretary of the association denying that he ever received the deed, denying that he ever saw the grantor before, and denying that there was anything in the minutes of the board of directors of the association, authorizing the request for, or acceptance of such a deed. The minutes which might have covered this transaction were not produced in court.

Quoting from the opinion of the trial judge: "The only serious question in this case was the authority of Gold to enter into an agreement with the owners of the property to accept a deed from them. Since Gold was the conveyancer of the association, which was named after him, and meetings were held in his office, and the owners had always paid their dues to him, he had apparent authority to bind the association in all ordinary transactions incident to the management of a building and loan association. The acceptance of a deed to a property which is in default, in lieu of foreclosure, is so common a practice that it should be considered one of the common, ordinary functions which the managing agent of an association has apparent authority to transact.

"The authority of an agent of a corporation may be presumed from his position and the nature of the act—Farmers & Mechanics Bank v. Third National Bank, 165 Pa. 500; Little Saw Mill Valley Turnpike Co. v. Federal Street, etc. Railway Co., 194 Pa. 144."

The testimony referred to is sufficient to justify the findings if otherwise competent. Appellant invokes the Statute of Frauds as against the authority of the conveyancer, or any officer whatsoever, of defendant associa-

tion, to accept or receive a transfer, or transfers of realty, without express authority in writing. The instant case is neither an attempt to compel specific performance of an agreement to convey an interest in lands, nor a suit for the purchase price of lands. We do not think that the Statute of Frauds has any application.

Upon the failure of defendant, after notice to produce the deed, it was perfectly competent to offer secondary evidence in relation thereto: Press Publ. Co. v. Reading News Agency, 44 Pa. Superior Ct. 428.

Appellant further contends that the trial judge erred in permitting Samuel A. Green, one of the two joint owners and grantors, who conveyed the property in question to defendant association, to testify, in view of the fact that the other joint owner had, since the alleged conveyance, and before trial, died.

The Evidence Act of 1887, P. L. 158, 28 PS 322, Section 5, Clause (e), provides, inter alia: "Nor, where any party to a thing or contract in action is dead, or has been adjudged a lunatic and his right thereto or therein, has passed, either by his own act or by the act of the law, to a party on the record who represents his interest in the subject in controversy, shall any surviving or remaining party to such thing or contract, or any other person *whose interest shall be adverse to the said right of such deceased* or lunatic party, be a competent witness to any matter occurring before the death of said party" (Italics supplied). The interest of the witness Green, as a co-owner and co-grantor was not adverse to that of decedent, but was identical with decedent's interest. Green, therefore, was not incompetent and his testimony was properly received.

Appellant claims that defendant association was justified, under the terms of its bond and warrant of attorney and mortgage, in taking physical possession of the property, and that the collection of rents there-

under was pursuant thereto. That might have been true were it not for the fact, as the lower court has found, that defendant received and retained a deed for the premises on August 23, 1929. It put a sign on the property and tried to rent it in November, 1929. It collected the rents from 1930 until October, 1932. It is a fair presumption that its acts were pursuant to the ownership acquired under the deed. The court having found as a fact the delivery of the deed, the liability of defendant for the payments of the taxes necessarily followed.

Appellant assigns for error, the refusal of the lower court to permit defendant's attorney the privilege of an oral argument, requested pursuant to a certain rule of said court. There seems to be some dispute regarding the exact wording of said rule. At all events, each court is the best interpreter of its own rules, and no abuse of discretion has been shown warranting a reversal on that ground.

The assignments of error are overruled and judgment affirmed.