## Billow *v.* Billow, Liquidator (et al., Appellant).

Argued September 30, 1948. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*Edward J. Harkins,* with him *C. Randolph Myers* and *Robert J. Wharton,* for appellant.

*Morton Meyers,* with him *Graham, Yost, Meyers & Graham,* for appellee.

OPINION BY MR. JUSTICE HORACE STERN, November 8, 1948:

This action to recover wages alleged to be due for manual labor was brought against the liquidator of a partnership consisting of defendant and his subsequently deceased brother. At the trial plaintiff called defendant as for cross-examination. The administrator of the de-

ceased partner, who had been allowed to intervene in order to represent the decedent's estate, objected to his competency under the Act of May 23, 1887, P. L. 158, §5 cl. (e). The court allowed the testimony and a verdict was rendered in favor of plaintiff. The intervenor appeals.

Andrew Billow, Sr. and Michael Billow were partners under the firm name of Billow and Billow, and as such operated a mine and an amusement park. Michael Billow died in August, 1945, and Andrew Billow, Sr., as surviving partner, became the liquidator of the partnership. Andrew Billow, Jr., son of the liquidator, brought suit against "Andrew Billow, Sr., Liquidator of Andrew Billow, Sr. and Michael Billow, late trading as Billow and Billow", alleging that he had been orally employed by the partnership on or about September 1, 1940, at which time he was 16 years of age, to work in the mine and the park; that he was to be paid $35 a week for regular work in the mine and $15 a week additional for extra work in the mine and for managing the park, but was not to receive his pay until all other debts of the partnership had been satisfied or there were funds available for that purpose; that he worked in the mine until January 1, 1945 and in the park until August 1, 1945, and thereby became entitled, on the basis of the rate agreed upon, to the sum of $11,620; and that this amount was now payable because the other debts of the partnership had been paid or there were funds sufficient to liquidate them.

The intervenor admitted the existence of the partnership and the availability of funds for payment, but denied knowledge or information of the alleged employment and the performance of work thereunder.

At the trial plaintiff called defendant, his father, as for cross-examination. Defendant testified to plaintiff's employment by the partnership on the terms alleged by him and to the work which he performed; also to the fact that he had always been allowed by his parents to

retain any wages he earned, and therefore, as an "emancipated" minor, was personally entitled to any recovery that might be obtained from the suit. Plaintiff's mother testified to the same effect, while several other witnesses explained in more or less detail the work which plaintiff performed in the mine and the amusement park between the years 1940 and 1945. The jury's verdict was for plaintiff in the sum of $6,000.

Was defendant competent to testify when called by plaintiff as for cross-examination? That is practically the only question presented on this appeal. The intervenor claims that defendant was barred because, Michael Billow being dead, Andrew Billow, Sr., who was a surviving party to the alleged contract of employment, was not a competent witness as to any matter occurring before Michael Billow's death.

There are several reasons why the intervenor's position is not well taken.

To render a witness incompetent under the Act of 1887 it is not enough that he be a surviving or remaining party to the contract, but, in addition, his interest must be adverse to that of the deceased; it is the existence or non-existence of the adverse interest that is the test of his comptency: *First National Bank of Bloomsburg v. Gerli,* 225 Pa. 256, 260, 261, 74 A. 52, 53; *Edmundson's Estate,* 259 Pa. 429, 436, 437, 103 A. 277, 279; *Weaver v. Welsh,* 325 Pa. 571, 577, 191 A. 3, 7. In applying that test, adverse *interest* must not be confused with adverse *testimony*; it is the former, not the latter, that disqualifies; *Edmundson's Estate,* 259 Pa. 429, 437, 103 A. 277, 279; *King v. Lemmer,* 315 Pa. 254, 173 A. 176. The mere fact that a witness, for personal reasons, may be unfriendly to the decedent's cause and partial to that of his adversary is wholly immaterial, for, while that circumstance may affect his credibility, it has nothing whatever to do with his competency: *Packer v. Noble,* 103 Pa. 188, 195, 196.

So far as the present suit is concerned, the interest of Andrew Billow, Sr., was not adverse to that of Michael Billow; on the contrary, their interests as partners were identical: *Brewster's Administratrix v. Sterrett*, 32 Pa. 115, 120; *Lancaster County National Bank v. Henning*, 171 Pa. 399, 403, 33 A. 335, 336, 337; *Bryn Mawr College Trustees v. Gold Building & Loan Association*, 120 Pa. Superior Ct. 246, 251, 182 A. 98, 100. The recovery sought by plaintiff is against the partnership, not the individual partners,* and the judgment here obtained will not support any right of execution upon the property of either partner: Pa. R. C. P. 2132(a); see notes of the Procedural Rules Committee, 332 Pa. ciii; Goodrich-Amram, Civil Practice, §2132(b)-4. It was to their mutual interest to prevent, if possible, the fastening of liability upon the partnership; if there was any contract of employment at all it was on behalf of the partnership and if the partnership was not liable Andrew Billow, Sr. would not have been liable; therefore he could not have been trying to protect himself individually at the decedent's expense. Moreover, the adverse interest upon which disqualification depends must be in the immediate result of the particular suit and not in its effect on other possible actions or circumstances; remote considerations, such as a possible right of indemnity or contribution under which a witness might have an adverse interest, are not to be considered if his interest is not adverse so far as the suit is concerned in which his testimony is given: *Dillon's Estate*, 269 Pa. 234, 240, 111 A. 919, 921; *Security Trust Company of Pottstown v. Feist, Administratrix*, 333 Pa. 536, 543, 5 A. 2d 119, 122, 123; *Gildner, Trustee, v. First*

---

* Notwithstanding the administrator's intervention plaintiff expressly disclaimed any intention of proceeding against the decedent's estate, and, at the close of the testimony, the court, on motion of the intervenor's counsel, granted a compulsory nonsuit in his favor.

*National Bank & Trust Company of Bethlehem,* 342 Pa. 145, 159, 19 A. 2d 910, 916.

The present situation is not like that which existed in *Hogeboom, Executor, v. Gibbs, Sterrett & Co.,* 88 Pa. 235, where suit was brought *against the estate of the decedent* on an allegation that he had been a partner in the operation of an oil-well to which the plaintiff furnished supplies, and the surviving partner was called as a witness by the plaintiff to prove the debt and *the existence of the partnership,* thereby shifting onto the decedent's estate a portion of the witness's admitted liability. The case of *Alcorn's Executor v. Cook,* 101 Pa. 209, is similarly distinguishable, because there the witness whose testimony was challenged was, admittedly, individually liable to plaintiff upon a note, and he was called to testify that the deceased was also liable because he had authorized the witness to sign his name to the note as a co-obligor. In *Kors v. Lipschutz,* 322 Pa. 439, 186 A. 748, it was the plaintiff, not a surviving partner, who attempted to testify in an action against the partnership one of the members of which was dead. None of these cases, therefore, on which the intervenor relies, is helpful to his present contention.

Apart from anything heretofore said, the testimony of Andrew Billow, Sr., was admissible for another reason. Section 6 of the 1887 Act provides that, even if a person is incompetent under clause (e) of section 5 by reason of interest, he may nevertheless be called to testify *against* his interest. Here the witness, both in testifying to the "emancipation" of his son and in admitting that the partnership of which he was a member had employed plaintiff, was testifying against his interest and was therefore competent: *Norman v. Norman & Harvey,* 2 Yeates 154; *Packer v. Noble,* 103 Pa. 188, 196; *Trymby, Hunt & Co. v. Andress,* 175 Pa. 6, 34 A. 347. Finally, section 7 of the Act expressly provides that a party to the record, or any other person whose interest is adverse to the party calling him as a witness,

may be compelled by the adverse party to testify as if under cross-examination; this right is not abridged or affected by section 5, clause (e): *Sturgeon v. Stevens*, 186 Pa. 350, 355-357, 363, 40 A. 488, 490.

The intervenor challenges the logic of the verdict rendered by the jury because it was for only approximately one-half of the amount which plaintiff claimed. The testimony indicated, however, that the mine was not in complete operation during the summer months and the amusement park was closed during the winters, so that the jury probably took that fact into consideration; on the other hand, the verdict may have been the result of a compromise to which juries so frequently resort. In any event, if fault is to be found with the amount of the verdict, it would be for plaintiff, not the intervenor, to complain.

Judgment affirmed.