## Curtis Keal Transport Co., Inc., v. McCarren

*Henninger & Robinson,* for plaintiff.

*Brandon, Millar, Rockenstein & MacFarlane* and *Lee C. McCandless,* for defendant.

SHUMAKER, P. J., February 17, 1955.—This matter is before the court on a petition for continuance filed in behalf of defendant by Lee C. McCandless, Esq., attorney for the estate of Joseph V. McCarren, deceased.

The above captioned action in trespass was filed in this court on August 1, 1952, and the claim arises out of a motor vehicle accident which occurred December 17, 1951, at approximately 8 p.m., on route 422, approximately 10 or 12 miles west of Kittanning.

Involved in said accident was an army bus owned by Curtis Keal Transport Company, Inc., a corporation existing under the laws of Ohio, with its office and principal place of business at East Fifty-fourth Street, Cleveland, Ohio, which bus was being operated at the time of the collision by Herbert C. Sawtell. The other vehicle involved was a 1949 Ford sedan owned and operated by Joseph V. McCarren, with Frances C. McCarren, the latter's wife, as a passenger therein.

As a result of the accident, the transport bus owned by plaintiff was damaged, the driver of said bus, Herbert C. Sawtell, was injured, Joseph V. McCarren was killed, and Frances C. McCarren was severely and permanently injured.

Letters of administration in the estate of Joseph V. McCarren were issued to Joseph V. McCarren, Jr., on July 15, 1952, by the register of wills of Butler County.

On August 13, 1952, in this court of common pleas at A. D. no. 121, September term, 1952, the bus driver, Herbert C. Sawtell, filed a complaint in trespass against Joseph V. McCarren, Jr., administrator of the estate of Joseph V. McCarren, deceased, to recover for his personal injuries sustained in said accident.

In November 1952, Joseph V. McCarren, Jr., as administrator of the estate of Joseph V. McCarren, deceased, filed an action in trespass in the United States District Court for the Western District of Pennsylvania under the wrongful death statute and under the survival statute, the action being against the bus driver, Herbert C. Sawtell, and the owner of the bus, Curtis Keal Transport Company, Inc.

Also in November of 1952, in said Federal court, Frances C. McCarren filed a complaint in trespass against the same two defendants to recover for her permanent injuries and expenses incurred as a result of the accident.

The above named actions in the Federal court are now ready for trial and to be tried when reached on the Federal court trial list.

The action of the bus company against the estate was placed on the trial list of this court by præcipe filed in behalf of said bus company and is now scheduled for trial during this week of February 14, 1955.

The motion for continuance is based upon the contention that the suits in the Federal court, arising out of this accident and involving the same facts, are more serious in their nature than the actions filed in the court of common pleas of this county, in that the former involves a loss of life and severe permanent injuries to decedent's wife, and that this court should continue the trial of this case until the larger claims have been judicially determined in the Federal court.

This court is of the opinion that an action pending in the Federal court is not a bar to an action pending in this court, and we cannot consider the difference in the amounts claimed in the respective suits filed or the nature and severity of the damage or injury occasioned by the accident in determining which case should be first tried.

While it is unfortunate that all of these actions

were not filed in the same court and consolidated for the purposes of trial, yet a plaintiff has the right to choose and select his forum, with certain limitations, and the fact, that the other party involved in the accident or those representing him in the event of his decease choose the Federal court as his or its forum, does not affect plaintiff's right to proceed in this State court, in spite of the fact that issues decided here may be res adjudicata of certain or all of the issues before the Federal court.

While it is not particularly significant, it is to be noted that the bus company's action and the separate action of the bus driver were filed in Butler County prior to the filing of the actions against them in the Federal court.

Learned counsel for the estate have been unable to find and submit to the court any authority which would require this court to yield to the jurisdiction of the Federal court in this matter, and we are unable to find any law or authority in support of their contention.

We are, therefore, compelled to refuse the motion for continuance, and direct the parties involved to prepare for trial and be ready when the case is reached on the present trial list in this court.

While there is before this court no formal or written motion for consolidation for the purposes of trial of the above captioned case of the bus company against the estate with the bus driver's personal action to recover for his injuries, the latter case not being on the present trial list and no praecipe having been filed to list it for trial, yet at a hearing before this court on the above decided motion for continuance, it was urged orally that this court, in the exercise of its discretion, should consolidate said two cases and try them together.

In the interest of time, we dispose of this matter

in this opinion since counsel have already been heard in argument on the problem and have submitted briefs on the point.

It is conceded by all of the lawyers involved in these actions that the matter of consolidation of cases for trial rests in the discretion of the trial judge, and with this we concur.

It is argued for the estate of deceased driver of the. passenger vehicle involved, that the results produced by the rule in evidence, commonly known among those of the legal profession as the dead man's rule, require this court to consolidate the cases; but it is argued with equal force by the attorney for plaintiffs in the actions filed in Butler County, that the operation and effect of the said dead man's rule require the cases to be tried separately.

It is conceded by all involved that in the bus driver's individual action against the estate for his personal injuries, he is an incompetent witness under the dead man's rule and cannot testify as to anything occurring before the death of the other driver involved.

This court is of the opinion that in the action of the bus company against the estate, the bus driver, being an employe only of plaintiff company, is not an incompetent witness under the Incompetent Witness Act and the appellate court's interpretation and construction thereof and may appear and testify fully as to all matters and facts involved. In the case of Billow v. Billow, Liquidator, et al., 360 Pa. 343, 347, wherein the Supreme Court states as follows:

"Moreover, the adverse interest upon which disqualification depends must be in the immediate result of the particular suit and not in its effect on other possible actions or circumstances.; remote considerations, such as a possible right of indemnity or contribution under which a witness might have an adverse interest, are not to be considered if his interest is not adverse

so far as the suit is concerned in which his testimony is given: *Dillon's Estate*, 269 Pa. 234, 240, 111 A. 919, 921."

See also Cease v. Thomas, Exrx., et al., 155 Pa. Superior Court 215, 220.

Had the bus driver not been injured, therefore he would be a competent witness in his employer's action against the estate and, since he was injured and filed a separate action, he would not be a witness with an adverse interest in the immediate result of this particular suit.

This court, therefore, refuses to consolidate for the purposes of trial the two actions filed in Butler County, in spite of the fact that this results in the estate being required to defend two separate actions.

Hence the following

### Orders

And now, February 17, 1955, the motion for continuance of the case of Curtis Keal Transport Company, Inc., v. Joseph V. McCarren, Jr., administrator of the estate of Joseph V. McCarren, deceased, is refused and said case shall retain its present position on the current trial list of this court.

Eo die exception noted for defendant.

And now, February 17, 1955, the oral motion to consolidate for the purposes of trial in the case of Curtis Keal Transport Company, Inc., v. Joseph V. McCarren, Jr., administrator of the estate of Joseph V. McCarren, deceased, at A. D. no. 102, September term, 1952, and the case of Herbert Sawtell v. Joseph V. McCarren, Jr., administrator of the estate of Joseph V. McCarren, deceased, at A. D. no. 121, September term, 1952, is refused and the latter case shall be tried in its turn when it is properly placed on the trial list by præcipe.

Eo die exception noted for defendant.