## Monessen Bank Mortgage Pool Case.

Argued May 25, 1944. Before MAXEY, C. J., DREW,
LINN, STERN, PATTERSON, STEARNE and HUGHES, JJ.

A. C. *Scales,* of *Scales, Loughran & Shaw,* for appellants.

*Vincent R. Smith, Alex Eicher,* of *Eicher & Eicher, Paul J. Abraham, Louis E. Sensenich,* and *Paul S. Barnhart,* for appellees, were not heard.

OPINION BY MR. JUSTICE PATTERSON, June 30, 1944:

Prior to the date of its insolvency a trust company issued certificates of participation in a mortgage pool, which certificates provided that they "shall have preference in payment of principal and interest as against that portion of the said mortgages in said pool which are held in the right of . . . [the] Trust Company". After insolvency the Receiver issued a participation certificate representing the interest of the Trust Company in said mortgage pool. Are the holders of the prior participating certificates entitled to be paid principal in full with interest to the date of distribution to the exclusion of the holders of the certificate issued by the Receiver? The court below directed payment of the prior participating certificates in full thereon with interest after insolvency.

On February 9, 1926, the Monessen Trust Company, later The First National Bank and Trust Company of Monessen, formed a mortgage pool, segregating certain mortgages from the general assets of the bank and earmarking the same in trust for holders of participating certificates issued by it. Trust monies of estates in which the bank was trustee or guardian were invested in this pool and certificates of participation duly issued therefor. On October 13, 1931, the bank failed, and a Receiver was appointed. On that date the face value of the mortgages was $130,279. Participation certificates issued

and outstanding amounted to $95,881.11, and the bank held in its own right an interest in said mortgages amounting to $34,497.89. On July 18, 1932, the Receiver issued to himself, as Receiver, a participation certificate for this amount. On December 20, 1940, this certificate was assigned to George Frich, Joseph Prise, John Morris, and Meyer Rogowitz, appellants herein. On June 16, 1932, the court below appointed trustees for the mortgage pool. On October 18, 1943, the surviving trustee filed his account showing a cash balance for distribution of $31,022.86. Prior to the filing of the account the holders of the prior participating certificates were paid 99% of principal. At the hearing on exceptions to the account, counsel filed a stipulation of the following facts: All of the mortgages in the pool required the payment of interest at six percent; the account showed a substantial loss on the sale of principal assets and that each of the participating certificates was in the same form and provided, inter alia, that the certificate was to have preference in the payment of principal and interest as against the interest of the Monessen Trust Company, with the right in said Trust Company to issue to itself a certificate representing its interest in the mortgage pool providing that such certificate was not to be a claim against said pool until all other certificates were paid and retired. The court directed payment of the remaining one percent to said holders and distributed the balance to said holders on account of interest accruing on their certificates from the date of the closing of the bank. The effect of said distribution was to consume entirely the balance shown by the account.

Appellants and appellees represent the interests of the insolvent bank and prior certificate holders in the fund respectively. Interests of several classes of creditors are not involved. The issue is restricted to whether, as against the bank, appellees may recover principal in full and interest thereon after the date of insolvency. The terms of the participating certificates must govern

the disposition of this case. From them must be determined the intention of the parties. See *Agricultural Trust & Savings Company's Mortgage Pool Case,* 329 Pa. 581, 587. In this regard section (b) of the certificate provides: "This Participating Certificate together with all others issued against said pool shall have preference in payment of principal and interest as against that portion of the said mortgages in said pool which are held in the right of Monessen Trust Company." Section (f) provides: "The said Monessen Trust Company may . . . make its declaration of trust with respect to any mortgage or mortgages in the pool to cover the whole interest in said mortgage or mortgages, in which event it may issue to itself a certificate representing its interest in such mortgage or mortgages, but such certificate shall not be a claim against said pool until all other certificates are paid and retired."

The language used warrants the conclusion of the court below that payment of interest after insolvency was intended. Appellant contends, however, that a proper interpretation of said agreement requires a contrary conclusion. In case of doubt or ambiguity a written contract should be interpreted against the party who has drawn it: *Ebbert v. Philadelphia Electric Company,* 330 Pa. 257, 267. Any doubt, therefore, concerning the construction to be placed upon the certificate must be resolved against the bank and in favor of appellees.

That appellants are the purchasers of the bank's interest and not the bank itself cannot operate to create equities in their favor. Their interests are, and always have been, only those which could have been asserted by the Receiver on behalf of the bank. The respective litigants are, therefore, not upon a parity with regard to rights in and to the fund involved: *Agricultural Trust & Savings Company's Pool Case,* supra, 586; *North City Trust Company Case,* 327 Pa. 356, 360. The mortgages in the pool were a pledge for the payment of the certificate holders. Where the proceeds of collateral are

insufficient to pay the obligation secured, prior certificate holders are entitled to the proceeds to the exclusion of the insolvent pledgor: *North City Trust Company Case*, supra, 360. That the interest secured by the certificates equaled that derived from the mortgages is of no moment and in no way affects the guarantee embodied in said certificates.

The intention is clear, therefore, that the Trust Company was not to participate in the proceeds of the mortgage pool until the certificate holders were paid in full, and that payment in full was to include the payment of interest after the date of insolvency. To hold otherwise would do violence to the express intention of the parties and permit the bank to derive benefits from its own insolvency.

Decree affirmed at cost of appellants.