**ASSOCIATES DISCOUNT CORP. v. GREISINGER et al.**

Civ. A. 8781.

United States District Court
W. D. Pennsylvania.

March 7, 1952.

Samuel Avins, Pittsburgh, Pa., for plaintiff.

John B. Nicklas, Jr., of McCrady & Nicklas, Pittsburgh, Pa., for defendants.

GOURLEY, Chief Judge.

This is a non-jury trial. Associates Discount Corporation brings action against George Greisinger and Kenneth G. Spiker, individually and as co-partners, trading and doing business as North Hills Auto Car and Truck Rental Company, and the Allegheny Car Rental Service, Inc., a corporation, to recover for a deficiency under a refinancing agreement.

George Greisinger and Kenneth G. Spiker entered into a partnership by an agreement dated May 22, 1948, for the purpose of purchasing, holding and renting for hire trucks and automobiles. This partnership was conducted under the assumed name of North Hills Auto Car and Truck Rental Company, which name was properly registered June 1, 1948, in the Prothonotary's Office of Allegheny County, Pennsylvania, but was not registered in the office of the Secretary of the Commonwealth as provided by law. 54 P.S.Pa. § 28.1. Greisinger and Spiker each held 50% of the stock of the corporation, and Greisinger was President, and Spiker was Secretary and Treasurer of the corporation.

Shortly thereafter, June 12, 1948, divers bailment leases were executed by Greisinger and/or Spiker for the purchase of fifteen motor vehicles on behalf of the partnership and/or corporation. Said bailment leases set forth the purchaser lessee as Allegheny Car Rental Service, Inc., and were subsequently assigned to plaintiff. They were drawn in a slipshod fashion, irregular and becloud a forthright appraisal of the intent of the parties.

Upon the bailment leases becoming defaulted, plaintiff elected not to pursue its rights under the original leases executed by Greisinger and/or Spiker on behalf of the partnership and/or corporation. Instead, on May 24, 1949 plaintiff entered into a refinancing agreement with Spiker in an individual capacity for the payment of the balance due under the original bailment leases.

Antecedent to said date, Greisinger had sold his interest in both the partnership and corporation to Spiker for valuable consideration. This fact was known to plaintiff before the execution of the refinancing agreement which was prepared by plaintiff. At the time the refinancing agreement was entered into, Greisinger was no longer a member of the partnership, North Hills

Auto Car & Truck Rental Company, and was no longer associated with Spiker in the Allegheny Car Rental Service, Inc., having severed his connections with both businesses and Spiker before the refinancing agreement was executed. Greisinger did not sign the refinancing agreement or participate in any of the negotiations regarding it, nor was he requested to do so by either plaintiff or Spiker. Four payments were made thereafter by Spiker according to its terms.

The refinancing agreement became in default and after repossessing the motor vehicles of value covered by the bailment leases, the same were sold. This action is for the unpaid balance due under the refinancing agreement after credit for the motor vehicles sold by plaintiff.

The sole question before this court is the effect of the refinancing agreement with respect to the personal liability of Greisinger and/or Spiker, the corporate liability of the Allegheny Car Rental Service, Inc., and the partnership liability of North Hills Auto Car and Truck Rental Company.

■ Since the agreement was prepared by the plaintiff, where any doubt or ambiguity exists, it is the duty of the court to interpret the written agreement against the party who has drawn it. Monessen Bank Mortgage Pool Case, 350 Pa. 125, 128, 38 A.2d 15; Ebbert et al. v. Philadelphia Electric Company, 330 Pa. 257, 267, 198 A. 323.

Consequently, any doubt concerning the construction of the refinancing agreement must be resolved against the plaintiff.

■ The refinancing agreement was made with adequate consideration in that the plaintiff made an additional financing charge well in excess of that the parties were obligated to pay under the original bailment leases.

■ A novation may be established by either express terms or implied facts, circumstances and conduct attending the transaction. Parish Mfg. Corp. v. Martin-Parry Corp., 285 Pa. 131, 131 A. 710; Packel v. McCarthy, 120 Pa.Super. 545, 182 A. 769.

Section 36 of the Uniform Partnership Act on this point provides as follows, 1915 P.L. 18, 59 P.S. § 98(3): "Where a person agrees to assume the existing obligations of a dissolved partnership, the partners whose obligations have been assumed shall be discharged from any liability to any creditor of the partnership who, knowing of the agreement, consents to a material alteration in the nature or time of payment of such obligations."

■ Thus, the execution of the refinancing agreement under these circumstances amounts to a novation which relieves Greisinger, Allegheny Car Rental Service, Inc., and North Hills Auto Car and Truck Rental Company from any liability they may have had under the original bailment leases. The essentials of a novation are the displacement and extinction of a former contract, the substitution of a new agreement, a sufficient consideration therefor and the consent of the parties thereto. Lamb v. Allegheny County Institution District, 363 Pa. 66, 71, 69 A.2d 117; Jones v. Commonwealth Casualty Company, 255 Pa. 566, 573, 100 A. 450. All these requisites are here present.

Plaintiff rendered objection to the admissibility of testimony of George J. Shafer, a member of the bar of Allegheny County, who had represented Spiker during the partnership and corporate relationship with Greisinger. Spiker did not appear at trial and his whereabouts were unknown.

Plaintiff contends said information was secured pursuant to an attorney-client relationship. That since the information was privileged, counsel was incompetent to testify thereto without a waiver of objection on the part of Spiker.

■ The testimony of Shafer is admissible. Claim of privilege can be made solely by the client himself; the privilege is purely personal to himself. The party against whom the testimony is brought has no right to claim or to urge the exemption on his own behalf. Wigmore on Evidence, Third Edition, §§ 2196, 2321.

■ Nevertheless, assuming that the testimony were inadmissible, plaintiff has failed to establish its claim by the preponderance and weight of the evidence.

It is my conclusion:

1. That judgment should be entered in behalf of the Associates Discount Corpora-

tion and against Kenneth G. Spiker, individually, in the amount of the deficiency.

2. That judgment should be entered against the Associates Discount Corporation and in favor of George Greisinger, individually.

3. That judgment should be entered against the Associates Discount Corporation and in favor of North Hills Auto Car and Truck Rental Company.

4. That judgment should be entered against the Associates Discount Corporation and in favor of Allegheny Car Rental Service, Inc.

Appropriate findings of fact and conclusions of law are hereby entered.

### Findings of Fact

1. George Greisinger and Kenneth Spiker entered into a partnership by agreement dated May 22, 1948, for the purpose of purchasing, holding and renting for hire trucks and automobiles with their place of business at 8 Lawrence Street, Millvale, Allegheny County, Pennsylvania.

2. The partnership was conducted under the assumed name of North Hills Auto Car and Truck Rental Company, which was registered June 1, 1948, in the Fictitious Names Docket, Vol. 105, page 148, in the Prothonotary's Office of Allegheny County, Pennsylvania.

3. George Greisinger signed and acknowledged a certificate of withdrawal from said North Hills Auto and Truck Rental Company, January 15, 1949, which was filed in the said Prothonotary's Office.

4. The partnership was dissolved by agreement of the partners in November, 1948, after which time George Greisinger had no further connection with the North Hills Auto Car and Truck Rental Company and the business became the sole proprietorship of Kenneth Spiker.

5. Allegheny Car Rental Service, Inc., was, in 1948 and 1949, a Pennsylvania corporation with its principal place of business located at 5530 Center Avenue, Pittsburgh, Pennsylvania.

6. In June, 1948, George Greisinger and Kenneth G. Spiker purchased the stock of Allegheny Car Rental Service, Inc., and continued to operate the business and maintained the corporation's office at 5530 Center Avenue, Pittsburgh, Pennsylvania.

7. George Greisinger was President of the corporation and Kenneth G. Spiker, Secretary and Treasurer, and each held 50% of the stock.

8. At the time of the purchase of the stock of the Allegheny Car Rental Service, Inc., by Spiker and Greisinger, the corporation had as assets eleven automobiles.

9. Greisinger and Spiker bought the stock of Allegheny Car Rental Service, Inc., with a three-fold purpose in mind, i. e., to obtain the eleven cars which were part of the assets of the corporation, to gain the good will of the corporation, and to avoid the expense and trouble of forming a corporation of the North Hills Auto Car and Truck Rental Company.

10. Allegheny Car Rental Service, Inc., was operated as a corporation during the period from the time Spiker and Greisinger purchased the stock in the corporation until November, 1948, when Greisinger withdrew from both North Hills Auto Car and Truck Rental Company and Allegheny Car Rental Service, Inc.

11. On June 12, 1948, a bailment lease was executed between Automart, Inc., as lessor, and Allegheny Car Rental Service, Inc., as lessee, for five automobiles with a down payment of $4,000 and a time balance, including finance charges, in the amount of $9,929.34, payable in eighteen monthly installments of $551.63, which was assigned the same day to Associates Discount Corporation, plaintiff.

12. The five automobiles covered by said lease are as follows:

1946 Plymouth 4-door Sedan, Serial No. 11605445
1946 Plymouth 4-door Sedan, Serial No. 15192081
1946 Chevrolet 2-door Sedan, Serial No. DKH 6029
1946 Plymouth 4-door Sedan, Serial No. 15219803
1947 Plymouth Club Coupe, Serial No. 11758845

13. The bailment lease was signed by George Greisinger who was then President of Allegheny Car Rental Service, Inc.

14. On June 12, 1948, a bailment lease was executed between Automart, Inc., as lessor, and Allegheny Car Rental Service, Inc., as lessee, for six automobiles with a down payment of $5,000 and a time balance, including finance charges, in the amount of $11,915.10, payable in eighteen monthly installments of $661.95, which was assigned the same day to the plaintiff corporation.

15. Said bailment lease covers the following automobiles:

1946 Plymouth 4-door Sedan, Serial No. 11569295
1946 Plymouth 4-door Sedan, Serial No. 11618813
1946 Chevrolet 2-door Sedan, Serial No. 3DK126722
1947 Chevrolet 2-door Sedan, Serial No. 14DK16388
1946 Plymouth Club Coupe, Serial No. 11591676
1946 Chevrolet 4-door sedan, Serial No. 3DJD9854

16. Said bailment lease was signed by George Greisinger, then President of the Allegheny Car Rental Service, Inc.

17. On June 18, 1948, a bailment lease was executed between Automart, Inc., lessor, and Allegheny Car Rental Service, Inc., as lessee, for one 1948 4-door Sedan, Serial No. 1FJ09188, with a down payment of $800 and a time balance, including finance charges, in the amount of $1,929.60, payable in eighteen monthly installments of $107.20, which was assigned the same day to plaintiff corporation.

18. Said bailment lease was signed by George Greisinger, then President of Allegheny Car Rental Service, Inc.

19. The automobiles covered by these three bailment leases were titled in the name of the corporation, Allegheny Car Rental Service, Inc.

20. Plaintiff corporation, through Scott B. McCullough, its Assistant Branch Manager, knew that Allegheny Car Rental Service, Inc., was a corporation, and knew that the cars covered by these three bailment leases were to be titled in the name of the corporation, Allegheny Car Rental Service, Inc.

21. These three bailment leases were prepared by Scott B. McCullough and were originally intended to be between the partnership, North Hills Auto Car and Truck Rental Service Company, as lessee, and Automart, Inc., as lessor, but prior to the execution of these bailment leases, lessee was changed to the corporation, Allegheny Car Rental Service, Inc.

22. On June 12, 1948, a bailment lease was executed between C. Murray Jones, lessor, and North Hills Auto Car and Truck Rental Company, as lessee, for one 1947 Ford Coach, Serial and Motor No. 799A1551570, with a down payment of $510 and a time balance, including finance charges in the amount of $1,091.10 payable in fifteen monthly installments of $72.74 and assigned the same day to plaintiff corporation.

23. Said bailment lease was signed by Kenneth G. Spiker on behalf of North Hills Auto Car and Truck Rental Company.

24. On January 7, 1949, a bailment lease was executed between Jack Keefe, as lessor, and North Hills Auto Car and Truck Rental Company, lessee, for one 1948 Plymouth Special DeLuxe Sedan, Serial No. 1206837, with a down payment of $1,656.65 and a time balance, including financing charges, in the amount of $1,298, payable in seventeen monthly installments of $72.11 and one payment of $72.13, assigned the same day to the plaintiff corporation.

25. Said bailment lease was signed by Kenneth G. Spiker.

26. On October 25, 1948, a bailment lease was executed between the Automart, Inc., as lessor, and North Hills Auto Car and Truck Rental Company, as lessee, for a 1948 Plymouth 4-door Sedan, Serial No. 12026837 with a down payment of $619 and a time balance in the amount of $1,349.42 payable in seventeen monthly installments of $74.96 and one monthly installment of

$75.10 assigned the same day to the plaintiff corporation.

27. Said bailment lease was signed by Kenneth G. Spiker in behalf of North Hills Auto Car and Truck Rental Company.

28. On October 23, 1948, a bailment lease was executed between Dixon Motor Company, lessor, and North Hills Auto Car and Truck Rental Company, lessee, for a 1948 Ford automobile with a time balance of $1,293.84, payable in eighteen monthly installments of $71.88 and assigned to plaintiff corporation.

29. The bailment lease upon which Dixon Motor Company was lessor was not produced in evidence, and Scott B. McCullough, Assistant Branch Manager of the plaintiff corporation, testified concerning its execution and contents from the plaintiff's account card.

30. No evidence was offered as to who executed the bailment lease upon which Dixon Motor Company was lessor.

31. Payments under these seven bailment leases were defaulted between May 1, 1949 and May 24, 1949.

32. At the time of the default there was an unpaid time balance on the bailment lease (first) in the amount of $4,964.67; bailment lease (second) in the amount of $5,957.55, and bailment lease (third) in the amount of $964.80, or a total unpaid balance on these three bailment leases in the amount of $11,887.02.

33. The total unpaid time balance on the four bailment leases executed by or in behalf of the partnership, North Hills Auto Car and Truck Rental Company at the time of default was in the amount of $3,791.59.

34. The total unpaid time balance due on the seven bailment leases at the time of default was in the amount of $15,678.61.

35. On May 24, 1949, Kenneth G. Spiker entered into a refinancing agreement with the plaintiff corporation for the balance due under all seven bailment leases.

36. The refinancing agreement was signed by Kenneth G. Spiker without any indication of the capacity in which or on whose behalf he was executing said agreement.

37. According to the refinancing agreement the gross balance due on the seven bailment leases was in the amount of $15,678.61. A rebate for pre-payment was credited in the amount of $1,402.38 leaving a net balance due in the amount of $14,276.23. A refinancing charge of $1,927.29 was added to make a new balance due in the amount of $16,203.52 payable in seventeen monthly installments of $900.19 and one installment of $900.29, with first payment due June 28, 1949.

38. The plaintiff corporation closed out its books and marked as paid the accounts for the seven bailment leases and opened a single account under the refinancing agreement.

39. Prior to the execution of the refinancing agreement between plaintiff corporation and Kenneth G. Spiker, George Greisinger notified plaintiff corporation, through its Assistant Branch Manager, Scott B. McCullough, that he, Greisinger, was no longer connected with either the partnership North Hills Auto Car and Truck Rental Company or the corporation, Allegheny Car Rental Service, Inc.

40. Greisinger did not sign the refinancing agreement and did not participate in any of the negotiations regarding it.

41. The seven bailment leases were not attached to the refinancing agreement at the time the refinancing agreement was executed.

42. The refinancing agreement became in default with payment due October 28, 1949.

43. On November 24, 1949, plaintiff corporation repossessed nine of the automobiles originally covered by the seven bailment leases which were sold by the plaintiff corporation for a total amount of $6,925.

44. The cars repossessed and sold, the purchasers' resale prices and the bailment leases covering the particular cars repossessed and sold are as follows:

| Motor Vehicle Description | Vendee | Resale Price |
|---|---|---|
| 1946 Plymouth #15219803 | H. J. Kiel | $600.00 |
| 1946 Plymouth #11605445 | Lew Lineburgh | 600.00 |
| 1946 Plymouth #11591676 | Lew Lineburgh | 625.00 |
| 1946 Plymouth #3DTD9854 | Kenneth Franks | 600.00 |
| 1948 Chevrolet IFJ19188 | Geo. Dix, Inc. | 825.00 |
| 1947 Ford #799A1551570 | James B. Carney | 750.00 |
| 1948 Plymouth #12063071 | John Farnan | 1,000.00 |
| 1948 Plymouth #12026837 | Lombard Motor Sls. | 850.00 |
| 1948 Ford #98HA36143 | Reagan Auto Sls. | 1,075.00 |
| | Total | $6,925.00 |

Conclusions of Law

1. The refinancing agreement entered into May 24, 1949, between the plaintiff corporation and Kenneth G. Spiker is the sole contractural obligation upon which suit is based.

2. The bailment leases cannot be considered as part of the refinancing agreement, as they were not attached to the refinancing agreement nor in any manner identified in the refinancing agreement.

3. The refinancing agreement is a novation and supersedes the original bailment leases in that it provides for different terms, credits a rebate for prepayment of the original obligations contained in the seven original bailment leases, and a new and greater refinancing charge was made. The additional and greater refinancing charge was consideration for the cancellation of the obligations contained in the seven original bailment leases and the entering into a new contract.

4. The corporation, by closing out the accounts under the seven original bailment leases and marking them paid and opening a new account under the refinancing agreement, is evidence that the plaintiff corporation considered the refinancing agreement a novation which superseded the original bailment leases.

5. Suit cannot be maintained by the plaintiff on any of the seven original bailment leases, as the obligation of the parties thereunder terminated when the refinancing agreement was executed.

6. George Greisinger cannot be held liable under the refinancing agreement as Greisinger had withdrawn from the partnership and had notified the plaintiff corporation of his withdrawal prior to the execution of the refinancing agreement.

7. George Greisinger cannot be held liable under the refinancing agreement as it was executed by Kenneth Spiker, individually, and not in behalf of either the partnership, North Hills Auto Car and Truck Rental Company, or the corporation, Allegheny Car Rental Service, Inc.

8. That judgment be entered in behalf of the Associates Discount Corporation and against Kenneth G. Spiker, individually, in the amount of the deficiency.

9. That judgment be entered against the Associates Discount Corporation and in favor of George Greisinger, individually.

10. That judgment be entered against the Associates Discount Corporation and in favor of North Hills Auto Car and Truck Rental Company.

11. That judgment be entered against the Associates Discount Corporation and in favor of Allegheny Car Rental Service, Inc.

An appropriate order is entered.